**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN DOE 1, et al.,** | ) | **Case No. 1:20-cv-01695-JG** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Judge: JAMES S. GWIN** |
| **v.** | ) | |
| | ) | |
| **THE CLEVELAND METROPOLITAN** | ) | **MEMORANDUM IN SUPPORT OF** |
| **SCHOOL DISTRICT BOARD OF** | ) | **DEFENDANTS CLEVELAND** |
| **EDUCATION, et al.,** | ) | **METROPOLITAN SCHOOL** |
| | ) | **DISTRICT BOARD OF EDUCATION,** |
| **Defendants.** | ) | **BARBARA E. WALTON, ANDREW J.** |
| | ) | **KOONCE, KENDRA E. HOLLOWAY,** |
| | ) | **AND JEFFREY S. MAZO'S MOTION** |
| | ) | **TO DISMISS PLAINTIFFS' FIRST** |
| | ) | **AMENDED COMPLAINT** |
| | ) | |

## <u>TABLE OF CONTENTS</u>

**Page**

Table of Authorities ............................................................................................................ iii

Issues Presented ................................................................................................................... 1

Introduction and Summary ................................................................................................. 1

Factual Allegations ............................................................................................................. 2

Legal Standard .................................................................................................................... 4

Argument ............................................................................................................................ 4

    I.    PLAINTIFFS' CLAIMS AGAINST CMSD DEFENDANTS ARE TIME-BARRED. .... 4

        A.  Plaintiffs Filed Their Claims After All Applicable Statutes of Limitations Expired. ... 5

        B.  Plaintiffs Do Not Plead Facts To Toll the Statute of Limitations. ............................. 8

    II.    CMSD IS IMMUNE FROM LIABILITY ON PLAINTIFFS' CLAIM FOR NEGLIGENT HIRING, SUPERVISION, AND RETENTION (COUNT VI). ............... 10

    III.   THE INDIVIDUAL DEFENDANTS ARE IMMUNE FROM LIABILITY ON PLAINTIFFS' CLAIMS FOR NEGLIGENCE (COUNT III), IIED (COUNT V), AND NEGLIGENT HIRING, SUPERVISION, AND RETENTION (COUNT VI). ............... 12

    IV.   PLAINTIFFS FAIL TO STATE A CLAIM AGAINST THE INDIVIDUAL DEFENDANTS FOR NEGLIGENCE (COUNT III), IIED (COUNT V), OR NEGLIGENT HIRING, SUPERVISION, AND RETENTION (COUNT VI). ............... 16

    V.    PLAINTIFFS FAIL TO STATE A CLAIM AGAINST CMSD FOR NEGLIGENT HIRING, SUPERVISION, AND RETENTION (COUNT VI). ........................................ 17

Conclusion ......................................................................................................................... 18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adams v. Ohio Univ.*,
   300 F. Supp. 3d 983 (S.D. Ohio 2018) ...................................................................................5

*Anderson v. City of Massillon*,
   983 N.E.2d 266 (Ohio 2012)........................................................................................14, 15

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................4, 17

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).........................................................................................................4

*Boske v. Massillon City Sch. Dist.*,
   No. 2010-CA-00120, 2011 Ohio App. LEXIS 500 (Ohio Ct. App. Feb. 7, 2011).................15

*Bradley v. City of Cleveland*,
   No. 1:11CV781, 2012 U.S. Dist. LEXIS 30714 (N.D. Ohio Mar. 7, 2012)............................6

*Brooks v. Skinner*,
   139 F. Supp. 3d 869 (S.D. Ohio 2015) .................................................................................5

*Brown v. Whirlpool Corp.*,
   996 F. Supp. 2d 623 (N.D. Ohio 2014)..................................................................................6

*Caimona v. Ohio Civil Serv. Employees Ass'n*,
   No. 4:18-CV-00785, 2019 U.S. Dist. LEXIS 207978 (N.D. Ohio Dec. 3, 2019) ...................6

*Cook v. Gov't of Columbus, Ohio*,
   No. 2:18-cv-354, 2019 U.S. Dist. LEXIS 82220 (S.D. Ohio May 15, 2019)........................13

*Dayco Corp. v. Goodyear Tire & Rubber Co.*,
   523 F.2d 389 (6th Cir. 1975) ..............................................................................................9

*Doe v. First United Methodist Church*,
   629 N.E.2d 402 (Ohio 1994)................................................................................................6

*Doe v. Univ. of Ky.*,
   361 F. Supp. 3d 687 (E.D. Ky. 2019) ................................................................................16

*Erie Cty., Ohio v. Morton Salt, Inc.*,
   702 F.3d 860 (6th Cir. 2012) ............................................................................................15

*Evans v. Pearson Enters.*,
   434 F.3d 839 (6th Cir. 2006) ..............................................................................................9

*Eyman v. Repicky*,
   No. 1:11-CV-1830, 2011 U.S. Dist. LEXIS 135698 (N.D. Ohio Nov. 21, 2011)...................9

*Hout v. City of Mansfield*,
   550 F. Supp. 2d 701 (N.D. Ohio 2008)...............................................................................17

*In re Nat'l Prescription Opiate Litig.*,
  No. 1:17-MD-2804, 2019 U.S. Dist. LEXIS 150568 (N.D. Ohio Sept. 4, 2019)................8, 9

*Lutz v. Chesapeake Appalachia, L.L.C.*,
  717 F.3d 459 (6th Cir. 2013) .....................................................................................8

*McCoy v. Bd. of Educ.*,
  515 F. App'x 387 (6th Cir. 2013) ..............................................................................11

*Mezibov v. Allen*,
  411 F.3d 712 (6th Cir. 2005) .......................................................................................4

*Morrow v. Reminger & Reminger Co.*,
  915 N.E.2d 696 (Ohio Ct. App. 2009)......................................................................16

*M.T. v. Benton-Carrol-Salem Local Sch. Dist.*,
  No. 16-cv-2552, 2017 U.S. Dist. LEXIS 74453 (N.D. Ohio May 16, 2017) ..........12

*Nadra v. Mbah*,
  893 N.E.2d 829 (Ohio 2008)........................................................................................6

*Pearson v. Warrensville Heights City Schs.*,
  No. 88527, 2008 Ohio App. LEXIS 927 (Ohio Ct. App. Mar. 13, 2008) ...............11

*Pinney Dock & Transp. Co. v. Penn Cent. Corp.*,
  838 F.2d 1445 (6th Cir. 1988) .................................................................................8, 9

*Riddick v. Taylor*,
  105 N.E.3d 446 (Ohio Ct. App. 2018)........................................................................7

*V & M Star Steel v. Centimark Corp.*,
  678 F.3d 459 (6th Cir. 2012) ....................................................................................16

*Williams v. Schismenos*,
  258 F. Supp. 3d 842 (N.D. Ohio 2017).......................................................................7

*Wilson v. McCormack*,
  93 N.E.3d 102 (Ohio Ct. App. 2017)....................................................................11, 12

**Statutes**

Ohio Rev. Code § 2151.421.........................................................................................13

Ohio Rev. Code § 2305.10.............................................................................................5

Ohio Rev. Code § 2744.01...........................................................................................11

Ohio Rev. Code § 2744.02.................................................................................10, 11, 12

Ohio Rev. Code § 2744.03.......................................................................................12, 13

Ohio Rev. Code § 3109.01.............................................................................................5

For the reasons set forth below, this Court should dismiss with prejudice all the federal and state claims in the First Amended Complaint ("FAC") filed by Plaintiffs John Does 1-7 ("Plaintiffs") against Defendant Cleveland Municipal School District ("CMSD" or the "District") and several of its administrators, Dr. Barbara Walton-Poon, Andrew Koonce, Kendra Holloway, and Jeffrey Mazo (the "Individual Defendants") (collectively with CMSD, "CMSD Defendants").

## ISSUES PRESENTED

I.    Whether all of Plaintiffs' claims against CMSD Defendants are time-barred under the applicable statute of limitations.

II.    Whether CMSD is immune from liability on Plaintiffs' state-law claim for hiring, supervision, and retention (Count VI).

III.    Whether the Individual Defendants are immune from liability on Plaintiffs' claims for negligent, wanton, and reckless conduct (Count III), intentional infliction of emotional distress (Count V), and hiring, supervision, and retention (Count VI).

IV.    Whether Plaintiffs failed to plead sufficient facts to state a claim for negligent, wanton, and reckless conduct (Count III), intentional infliction of emotional distress (Count V), and hiring, supervision, and retention (Count VI) against the Individual Defendants.

V.    Whether Plaintiffs failed to plead sufficient facts to state a claim for hiring, supervision, and retention (Count VI) against CMSD.

## INTRODUCTION AND SUMMARY

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs' claims against CMSD Defendants should be dismissed in their entirety.

*First*, all of Plaintiffs' claims against CMSD Defendants (Counts I, II, III, V, and VI) are time-barred. A two-year statute of limitations applies to each of Plaintiffs' claims against CMSD Defendants beginning when each Plaintiff turned 18. When Plaintiffs filed this lawsuit, more than two years had passed since the youngest Plaintiff turned 18 years old. Thus, on its face, the FAC is time-barred. No facts are alleged to toll the applicable statute of limitations. Accordingly, the FAC should be dismissed in its entirety as to CMSD Defendants.

*Second*, and separately, CMSD is a political subdivision that is statutorily immune from liability on Plaintiffs' claim for hiring, retention, and supervision (Count VI). For this independent reason, Count VI should be dismissed as to CMSD.

*Third*, the Individual Defendants, as employees of a political subdivision, are statutorily immune from liability on Plaintiffs' claims for negligent, wanton, and reckless conduct (Count III), intentional infliction of emotional distress ("IIED") (Count V), and hiring, retention, and supervision (Count VI). No statutory liability applies to these claims, and the FAC alleges no facts supporting the required wanton or reckless conduct by the Individual Defendants to overcome immunity. Counts III, V, and VI should thus be dismissed as to the Individual Defendants.

*Fourth*, the FAC fails to allege facts sufficient to state claims against the Individual Defendants for negligent, wanton, and reckless conduct (Count III), IIED (Count V), or hiring, supervision, and retention (Count VI). For this additional reason, the claims should be dismissed.

*Fifth*, and finally, the FAC fails to allege facts sufficient to state a claim against CMSD for hiring, supervision, and retention (Count VI). This claim should be dismissed as to CMSD as well.

## FACTUAL ALLEGATIONS[1]

Plaintiffs are seven former students of the Cleveland School of the Arts ("CSA"), a school within CMSD. FAC ¶¶ 34-35. Around 1999, CMSD engaged Greene as an independent contractor to teach dance at CSA. *Id.* ¶ 69. The Individual Defendants were the principal and assistant principals at CSA during certain periods relevant to the FAC. *Id.* ¶¶ 36-37.

Plaintiffs experienced sexual misconduct by Greene while he was engaged as a CMSD contractor. *Id.* ¶¶ 47-53. Plaintiffs never told any of the CMSD Defendants about their experiences

---

[1] CMSD assumes, without conceding, only for purposes of this Motion to Dismiss under Rule 12(b)(6), the truth of all appropriately pleaded factual allegations in Plaintiffs' FAC.

with Greene, *id.* ¶ 87, nor do they allege that any other student did. Instead, Plaintiffs hinge their FAC on allegations that there were "rampant rumors and allegations of sexual abuse throughout the student and staff population" regarding Greene, *id.* ¶ 113, and that Greene was indicted in 2003, and later acquitted, on charges involving sexual conduct with a student, *see id.* ¶¶ 10, 126, 150. Plaintiffs assert that, because of these rumors and Greene's acquittal on criminal charges, CMSD Defendants knew or should have known that Greene posed a threat to students. *See id.*

Plaintiffs identify only one allegation against Greene, of which Greene was fully exonerated in a court of competent jurisdiction. *Id.* ¶¶ 10, 101. This allegation occurred around 2003, when a CSA student accused Greene of sexual abuse. *Id.* ¶ 10. Greene was indicted in connection with the student's accusation, and following a trial, Greene was found not guilty and acquitted on all charges. *Id.* ¶¶ 10, 101. There was no evidence of Greene's alleged misconduct, except "the testimony of the teenaged student." *Id.* ¶ 103. Not only did "[n]o other students testif[y] on behalf of the prosecution," but in fact, "[o]ther CSA students did testify on behalf of Greene's defense." *Id.* ¶ 103. After Greene was found not guilty, CMSD re-engaged him. *Id.* ¶ 10.

Thereafter, "Plaintiffs John Does 1 through 7 . . . engage[d] in sexual activity with Defendant Greene." *Id.* ¶ 11. Plaintiffs kept their sexual activity with Greene secret and did not tell any "CSA administrators or other authorities or even their own families." *Id.* ¶ 87. This changed in "June, 2020," when "Plaintiff John Doe 4 posted his allegations against Defendant Greene on Facebook, and other members of the CSA Facebook community beg[a]n sharing their stories and learning of the widespread nature of Defendant Greene's egregious conduct at CSA." *Id.* ¶ 89. "Within days of John Doe 4 posting his allegations . . . , John Doe 1 and John Doe 2 posted similar stories alleging they had been sexually assaulted by Defendant Greene." *Id.* ¶ 91.

Despite Greene's acquittal in a case in which CMSD students testified exclusively in Greene's defense, and despite Plaintiffs' failure to report their alleged sexual activity with Greene to anyone at all, Plaintiffs now claim, "[u]pon information and belief," that CMSD officials "knew or should have known there was a substantial likelihood that Defendant Terence Greene had and was sexually abusing male students." *Id.* ¶ 106. On this basis, Plaintiffs John Does 1-7 filed this lawsuit at ages "25, 27, 21, 29, 28, 27 and 27 years old, respectively." *Id.* ¶ 29.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Instead, the complaint must allege sufficient *facts* to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* And those factual allegations, assumed to be true, must "raise a right to relief above the speculative level," meaning they must render the claim not merely "conceivable," but "plausible." *Twombly*, 550 U.S. at 555, 570. Thus, if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the court should grant the defendant's motion to dismiss. *Iqbal*, 556 U.S. at 679.

## ARGUMENT

## I.    PLAINTIFFS' CLAIMS AGAINST CMSD DEFENDANTS ARE TIME-BARRED.

All of Plaintiffs' claims against CMSD Defendants are time-barred and should be dismissed with prejudice. Plaintiffs failed to file any of their claims within the applicable statutes of limitations, as measured from the time they reached the age of majority, and they do not plead facts to toll the statute of limitations after they turned 18.

## A.  Plaintiffs Filed Their Claims After All Applicable Statutes of Limitations Expired.

Under Ohio law, a statute of limitations begins to run once "the person entitled to bring a cause of action . . . reaches the age of majority," which is 18 years old. *Brooks v. Skinner*, 139 F. Supp. 3d 869, 881 (S.D. Ohio 2015); Ohio Rev. Code § 3109.01. As demonstrated below, all of Plaintiffs' claims against CMSD Defendants are subject to a two-year statute of limitations and are thus time-barred. When they first filed their claims, Plaintiffs' ages ranged from 21 to 29 years old. FAC ¶ 29. Not only did Plaintiffs fail to file within *two* years, but more than *three* years passed between the time the youngest Plaintiff turned 18 and the time that Plaintiffs filed this lawsuit (at which point more than *eleven* years had elapsed since the oldest Plaintiff turned 18).

### 1.  Plaintiffs' Title IX Claims (Counts I and II) Against CMSD are Time-Barred.

In Ohio, a two-year statute of limitations applies to claims under Title IX. *See Adams v. Ohio Univ.*, 300 F. Supp. 3d 983, 996 (S.D. Ohio 2018) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 729 (6th Cir. 1996) (relevant statute of limitations for Title IX actions is limitations period applicable to personal injury actions)); Ohio Rev. Code § 2305.10 (personal injury actions in Ohio governed by a two-year statute of limitations). Plaintiffs' Title IX claims are thus untimely.

### 2.  Plaintiffs' Claims for Negligent, Wanton, and Reckless Conduct (Count III) and Hiring, Supervision, and Retention (Count VI) are Time-Barred.

Counts III and VI of the FAC are likewise time-barred. Plaintiffs' claim for negligent, wanton, and reckless conduct (Count III) is actually a claim for negligence. And their claim for hiring, supervision, and retention (Count VI), which Plaintiffs allege was "negligent, wanton and reckless" (FAC ¶ 172), is similarly a claim for negligent hiring, supervision, and retention.[2] Both of these claims are subject to a two-year statute of limitations.

---

[2] The remainder of this Memorandum thus refers to Count III as a claim for negligence, and to Count VI as a claim for negligent hiring, supervision, and retention.

Under Ohio law, "[w]illful, wanton, and reckless conduct is technically not a separate cause of action, but a level of intent which negates certain defenses which might be available in an ordinary negligence action." *Brown v. Whirlpool Corp.*, 996 F. Supp. 2d 623, 643 (N.D. Ohio 2014) (quoting *Cincinnati Ins. Co. v. Oancea*, No. L-04-1050, 2004 Ohio App. LEXIS 3891, at *7-8 (Ohio Ct. App. Aug. 13, 2004)) (dismissing with prejudice claims for recklessness "[b]ecause there is no cause of action for recklessness under Ohio law"); *Bradley v. City of Cleveland*, No. 1:11CV781, 2012 U.S. Dist. LEXIS 30714, at *9 (N.D. Ohio Mar. 7, 2012) (citing *Griggy v. Cuyahoga Falls*, No. 22753, 2006 Ohio App. LEXIS 208, at *5 (Ohio Ct. App. Jan. 25, 2006)) ("[W]illful, wanton, and reckless conduct 'is not a distinct cause of action . . . .' "). [3] Thus, Counts III and VI, alleging "wanton and reckless" conduct, are actually claims for negligence.

The Ohio Supreme Court "ha[s] recognized that '[w]hen bodily injury results from negligence, the two-year statute of limitations is the appropriate statute of limitations.'" *Nadra v. Mbah*, 893 N.E.2d 829, 834 (Ohio 2008) (citation omitted) (second alteration in original) (quoting *Love v. Port Clinton*, 524 N.E.2d 166, 167 (Ohio 1988)). The "prevailing rule" is that "a statute of limitations that covers injuries to the person or bodily injury 'governs all actions the real purpose of which is to recover for an injury to the person, whether based upon contract or tort.' " *Id.* (quoting *Andrianos v. Cmty. Traction Co.*, 97 N.E.2d 549, 552 (Ohio 1951)); *see also Doe v. First United Methodist Church*, 629 N.E.2d 402, 407 (Ohio 1994) (holding that two-year statute of limitations applied to student's claim that his former school district was negligent "in failing to

---

[3] *See also Caimona v. Ohio Civil Serv. Employees Ass'n*, No. 4:18-CV-00785, 2019 U.S. Dist. LEXIS 207978, at *46 (N.D. Ohio Dec. 3, 2019) ("[T]o the extent [Plaintiff] purports to bring a separate claim for the individual Defendants' malicious, reckless, and wanton conduct, the individual Defendants are entitled to summary judgment.").

protect [him] from [the high school choir director]'s sexual behavior," because the negligence claim alleged "physical harm" (citing Ohio Rev. Code § 2305.10)), *superseded on other grounds*.

Accordingly, Plaintiffs' claims for negligence (Count III) and negligent hiring, supervision, and retention (Count VI) are time-barred and should be dismissed with prejudice.

### 3. Plaintiffs' Remaining Claim for IIED (Count V) is Time-Barred.

Under Ohio law, claims for intentional infliction of emotional distress are generally governed by a four-year statute of limitations. *Riddick v. Taylor*, 105 N.E.3d 446, 451 (Ohio Ct. App. 2018) (citing Ohio Rev. Code § 2305.09). When an IIED claim arises directly from another tort, however, the statute of limitations for the underlying cause of action applies. *Williams v. Schismenos*, 258 F. Supp. 3d 842, 854 (N.D. Ohio 2017) (citing *First United Methodist Church*, 629 N.E.2d at 407) (claim for excessive force under § 1983 was time-barred, and "to the extent that plaintiffs' false imprisonment, willful conduct, and intentional infliction of emotional distress claims are grounded in the officers' use of force during the arrest, these claims are also untimely").

Plaintiffs' IIED claim against the Individual Defendants is grounded on the same alleged acts and omissions as Plaintiffs' Title IX claims against CMSD and Plaintiffs' claims for negligence and negligent hiring, supervision, and retention against the Individual Defendants— namely, the "ratification and indifference of Greene's behavior." FAC ¶ 166.[4] Because these other

---

[4] *See also* FAC ¶¶ 129, 132 (Count I: "Defendants BOE and CSA acted with deliberate indifference to the rampant sexual abuse and harassment that Plaintiffs John Does 1 through 7 and other male CSA students were experiencing," in violation of Title IX, thus causing Plaintiffs "to suffer emotional distress"); *id.* ¶¶ 141, 143 (Count II: "Defendants BOE and CSA officials showed deliberate indifference towards the safety of CSA students including Plaintiffs John Does 1 through 7," in violation of Title IX, thus causing Plaintiffs "to suffer damages as previously alleged in this Complaint"); *id.* ¶¶ 152-55 (Count III: Individual Defendants "failed to conduct an investigation and failed to take any remedial actions," "ignored the evidence of Greene's predatory behavior," and "failed to remove Defendant Greene from CSA premises and restrict his access to any CSA students," causing Plaintiffs to "sustain[] injuries and damages as previously alleged in this Complaint"); *id.* ¶¶ 170, 172 (Count VI: CMSD Defendants knew "that Defendant Greene was incompetent to teach or be around children for the myriad of reasons described in this Amended

claims are subject to a two-year statute of limitations, Plaintiffs' IIED claim (Count V) is likewise subject to a two-year statute of limitations and should be dismissed as time-barred.

**B.  Plaintiffs Do Not Plead Facts To Toll the Statute of Limitations.**

Plaintiffs have failed to plead sufficient facts to toll the statute of limitations under the fraudulent concealment doctrine or any other relevant tolling doctrine.

At the pleading stage, Rule 9(b) of the Federal Rules of Civil Procedure "require[s] that the acts constituting fraudulent concealment of a claim be pled in the complaint." *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 475 (6th Cir. 2013) (citation omitted). Thus, "Plaintiffs must plead [all] three elements," *id.*, which are: "(1) wrongful concealment by each defendant; (2) a failure to discover operative facts on which a claim is based within the limitations period; and (3) a diligent effort to do so until those facts are discovered," *In re Nat'l Prescription Opiate Litig.*, No. 1:17-MD-2804, 2019 U.S. Dist. LEXIS 150568, at *81 (N.D. Ohio Sept. 4, 2019) (citing *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975)). The FAC fails to plead these required elements of fraudulent concealment.

First, Plaintiffs do not plead "wrongful concealment" by CMSD Defendants. "Mere silence, or one's unwillingness to divulge one's allegedly wrongful activities, is not sufficient." *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1472 (6th Cir. 1988). Rather, to toll the statute of limitations, a plaintiff must plead "affirmative acts of concealment, particularly in light of the strong policy in favor of statutes of limitations." *Id.* No such affirmative acts of concealment are alleged in the FAC. To the contrary, Plaintiffs allege that despite knowing of a "substantial likelihood" that "Greene had and was sexually abusing male students," CMSD Defendants

---

Complaint," and their "actions in hiring, supervising, and retaining Defendant Greene at CSA were the proximate cause of Plaintiffs' permanent injuries").

"entirely failed to conduct any reasonable investigation into Defendant Greene's conduct at any time after his 2003 indictment until his resignation from CSA in or about 2014." FAC ¶¶ 106-07.[5] These allegations of CMSD Defendants' "[m]ere silence" are "not sufficient" to plead the first element of fraudulent concealment. *Pinney Dock & Transp. Co*., 838 F.2d at 1472.

Plaintiffs, moreover, run afoul of Rule 9(b) by improperly lumping CMSD Defendants together into one wrongdoing monolith, failing to allege even a single act of concealment by any one of them in particular, let alone facts sufficient to infer an "affirmative act" of "concealment *by each defendant*." *In re Nat'l Prescription Opiate Litig.*, 2019 U.S. Dist. LEXIS 150568, at *81 (emphasis added); *Pinney Dock & Transp. Co.*, 838 F.2d at 1472. Rule 9(b) requires the pleadings to be sufficiently particular to apprise *each defendant* of the claims against it so as to allow each defendant to prepare an effective response and defense. *See Eyman v. Repicky*, No. 1:11-CV-1830, 2011 U.S. Dist. LEXIS 135698, at *12-13 (N.D. Ohio Nov. 21, 2011) (granting motion to dismiss "shotgun" complaint where the plaintiff failed to "differentiate among any of the nine defendants, simply asserting that their combined acts or failures to act resulted in the injury to plaintiff").

Second, and additionally, Plaintiffs fail to plead that they performed the requisite due diligence. A plaintiff "must fully plead the facts and circumstances surrounding his belated discovery 'and the delay which has occurred must be shown to be consistent with the requisite diligence.'" *Dayco Corp.*, 523 F.2d at 394 (citation omitted). A "mere allegation of due diligence without asserting what steps were taken is insufficient." *Id.*; *see also Evans v. Pearson Enters.*,

---

[5] *See also* FAC ¶ 104 ("The administrators of CSA and Defendants Walton, Koonce, Holloway and Mazo failed to conduct a Title IX investigation of the allegations made by [Nathaniel Hutson]. The administrators at CSA never even spoke with the victim about his allegations against Greene, nor did they speak with any other CSA dancers."); *id.* ¶ 105 ("All of the sexual abuse suffered by Plaintiffs John Does 1 through 7 occurred subsequent to Greene returning to the school after his acquittal on criminal charges in 2004.").

434 F.3d 839, 850-51 (6th Cir. 2006) (affirming dismissal of plaintiff's untimely claims because she "failed to plead that she exercised any due diligence in discovering the facts").

While Plaintiffs plead their failure to discover operative facts during the limitations period (i.e., within two years of their turning 18), they fail to plead that they exercised the requisite due diligence to discover such facts. Rather, Plaintiffs merely allege that, "[l]eft to their own means, Plaintiffs had no reasonable way of knowing that CSA was aware or should have been aware that Greene was abusing students," or "to know who or when reports were made to CSA about Greene's predatory behavior or how CSA did nothing to stop it." FAC ¶ 94. Plaintiffs concede, however, that simply posting a comment on Facebook was all the due diligence necessary to discover these alleged facts—and that they did not conduct this minimal diligence until this year. *Id.* ¶ 89 ("In June, 2020, Plaintiff John Doe 4 posted his allegations against Defendant Greene on Facebook, and other members of the CSA Facebook community beg[a]n sharing their stories . . . .").

Plaintiffs failed to plead the elements of fraudulent concealment to toll the statute of limitations, and all their claims against CMSD Defendants should thus be dismissed with prejudice.

## II.  CMSD IS IMMUNE FROM LIABILITY ON PLAINTIFFS' CLAIM FOR NEGLIGENT HIRING, SUPERVISION, AND RETENTION (COUNT VI).

As a political subdivision under Ohio law, CMSD enjoys broad immunity from civil liability arising from its employees' performance of governmental or proprietary functions. For this separate and independent reason, Plaintiffs' claim for negligent hiring, supervision, and retention (Count VI) against CMSD should be dismissed as a matter of law.[6]

Under Ohio law, a political subdivision is generally "not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of . . . an

---

[6] Denial of this immunity would be subject to immediate appeal. Ohio Rev. Code § 2744.02(C).

employee of the political subdivision in connection with a governmental or proprietary function." Ohio Rev. Code § 2744.02(A)(1). A school district or board is a "political subdivision," and the provision of public education is a "governmental function." *Id.* § 2744.01(F) (defining "political subdivision" as including a "school district" and "other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state"); *id.* § 2744.01(C)(2)(c) (defining "governmental function" to include "[t]he provision of a system of public education").[7] CMSD is thus entitled to statutory immunity under Chapter 2744 of the Ohio Revised Code.

To overcome CMSD's immunity, Plaintiffs are required to allege that an exception to immunity enumerated in Ohio Rev. Code § 2744.02(B) applies. *See Pearson*, 2008 Ohio App. LEXIS 927, at *4. The exceptions apply to claims involving: (1) operation of a motor vehicle; (2) a proprietary function of the political subdivision; (3) public roads; (4) building defects; and (5) civil liability expressly imposed by statute. *See generally* Ohio Rev. Code § 2744.02(B).

None of these exceptions applies. Plaintiffs' claim against CMSD under Count VI does not involve operation of a motor vehicle, public roads, building defects, or express statutory liability. Nor does it involve a proprietary function. Although political subdivisions may be liable under Ohio Rev. Code § 2744.02(B)(2) for damages caused by "the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions," CMSD's hiring, supervision, and retention of an employee is a *governmental functional*, not a proprietary one. *See Wilson v. McCormack*, 93 N.E.3d 102, 108 (Ohio Ct. App. 2017).

---

[7] *See also McCoy v. Bd. of Educ.*, 515 F. App'x 387, 395 (6th Cir. 2013) ("School districts and the public education provided by such systems are considered political subdivisions and governmental functions, respectively."); *Pearson v. Warrensville Heights City Schs.*, No. 88527, 2008 Ohio App. LEXIS 927, at *5 (Ohio Ct. App. Mar. 13, 2008) (same).

In *Wilson*, the Ohio Court of Appeals addressed the "narrow issue" of "whether the Board of Education enjoys immunity of suit with respect to its employment of . . . the assistant high school girls' basketball coach." *Id.* at 105. The plaintiffs alleged that the coach had sexually assaulted them, and argued that the exception to immunity under § 2744.02(B)(2) applied. *Id.* The court rejected the plaintiffs' argument, holding that facilitating extracurricular activities such as sports teams, which includes the "employment of persons to administer such activities," is "inherent in the provision of a system of public education," and thus is a "governmental function." *Id.* at 106-08; *see also M.T. v. Benton-Carrol-Salem Local Sch. Dist.*, No. 16-cv-2552, 2017 U.S. Dist. LEXIS 74453, at *13 (N.D. Ohio May 16, 2017) (ruling for school district because "[n]one of the [immunity] exceptions apply to the issue of negligent hiring, supervision, or training").

Because Plaintiffs have alleged no facts to pierce CMSD's statutory immunity, their claim for negligent hiring, supervision, and retention (Count VI) against CMSD should be dismissed.

III.  **THE INDIVIDUAL DEFENDANTS ARE IMMUNE FROM LIABILITY ON PLAINTIFFS' CLAIMS FOR NEGLIGENCE (COUNT III), IIED (COUNT V), AND NEGLIGENT HIRING, SUPERVISION, AND RETENTION (COUNT VI).**

Plaintiffs' claims against the Individual Defendants for negligence (Count III), IIED (Count V), and negligent hiring, supervision, and retention (Count VI) should be dismissed because the Individual Defendants are statutorily immune from liability on these claims.[8]

"In a civil action . . . to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function," an employee of a political subdivision "is immune from liability" unless an exception applies. Ohio Rev. Code § 2744.03(A)(6). As discussed in Section II above, CMSD is a political

---

[8] Denial of this immunity would be subject to immediate appeal. Ohio Rev. Code § 2744.02(C).

subdivision. Thus, the Individual Defendants, as employees of a political subdivision during the period relevant to the FAC, are entitled to immunity under Chapter 2744 of the Ohio Revised Code.

The Individual Defendants are immune from liability unless: (a) their acts or omissions were manifestly outside the scope of their employment or official responsibilities; (b) their acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or (c) civil liability is expressly imposed upon them by a section of the Ohio Revised Code. Ohio Rev. Code § 2744.03(A)(6). Here, there is no allegation that the Individual Defendants acted beyond the scope of their employment,[9] and no Ohio statute imposes civil liability for negligence,[10] IIED, or negligent hiring, supervision, and retention. The only relevant immunity exception, therefore, is for acts or omissions done maliciously, in bad faith, or in a wanton or reckless manner.

---

[9] To the contrary, Plaintiffs allege that "[a]ll acts or omissions . . . attributable to CSA or its staff, faculty and/or administrators are done in the course and scope of their employment and/or in the furtherance of the interests of the BOE," and that "[a]ll acts or omissions of all Defendants were done in the course and scope of their relationship with Defendant BOE as an employee, . . . agent, or representative in the furtherance of the interests of Defendant BOE." FAC ¶¶ 4-5.

[10] In Count III, Plaintiffs assert that the Individual Defendants "failed to take appropriate actions required by . . . Ohio Rev. Code § 2151.421." FAC ¶ 151. This statute requires individuals such as school teachers and school employees who are acting in their official capacity to report knowledge or reasonable suspicion that a child has suffered or faces a threat of suffering abuse. Ohio Rev. Code § 2151.421(A)(1)(a). While § 2151.421 imposes civil liability for violations, the FAC's allegations make this statute inapplicable. *First*, Plaintiffs concede they never told any "CSA administrators or other authorities or even their own families" about their experiences with Greene (FAC ¶ 87), and plead no other facts, such as reports by students to the Individual Defendants, that would give the Individual Defendants knowledge or reason to know Plaintiffs suffered or risked suffering abuse by Greene, so as to trigger the statutory duty to report. *Second*, to the extent Plaintiffs predicate their claim on the Individual Defendants' failure to report *other* students' abuse, Plaintiffs not only fail to plead facts giving rise to such a duty, but Plaintiffs also lack standing to make such a claim. *Cook v. Gov't of Columbus, Ohio*, No. 2:18-cv-354, 2019 U.S. Dist. LEXIS 82220, at *6-7 (S.D. Ohio May 15, 2019) (dismissing with prejudice plaintiff's claim that defendant failed to report her daughter's abuse under Section 2151.421, because plaintiff "lack[ed] standing" where "the statute expressly states that violators of the statute are 'liable for compensatory and exemplary damages *to the child who would have been the subject of the report that was not made*,'" and "Plaintiff d[id] not bring this claim on behalf of her daughter," but "on her own behalf"), *aff'd*, No. 19-3577, 2020 U.S. App. LEXIS 1408 (6th Cir. Jan. 15, 2020).

- 13 -

"Wanton" conduct means "the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result." *Anderson v. City of Massillon*, 983 N.E.2d 266, 273 (Ohio 2012). "Reckless" conduct, in turn, is "characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." *Id.* While Plaintiffs assert that the Individual Defendants acted in a "wanton or reckless" manner, they plead no facts to support this conclusory allegation.

Plaintiffs assert, for example, that the Individual Defendants acted "wantonly and recklessly" in ignoring evidence of Greene's misconduct and failing to address the misconduct. *E.g.*, FAC ¶¶ 150-54. But Plaintiffs plead no *facts* indicating that any Individual Defendant had evidence of Greene's alleged misconduct or reason to know about it. Instead, Plaintiffs lump together the Individual Defendants—failing to assert even a single allegation against any particular Individual Defendant—and claim that they all had "actual and constructive knowledge" of Greene's alleged conduct with other students. *Id.* ¶ 150. Plaintiffs further claim, "[u]pon information and belief," that "two CSA students reported to CSA administration that they had been sexually assaulted by Terence Greene." *Id.* ¶ 128. But, again, Plaintiffs allege no *facts* in support of these conclusory allegations, such as to whom in "CSA administration" they believe two students reported, or when they believe these two reports occurred.

Plaintiffs not only fail to allege facts indicating the Individual Defendants' "actual and constructive knowledge," but actually allege contrary facts. Plaintiffs admit that, during Greene's criminal trial in 2004, CMSD students testified ***exclusively*** in Greene's favor. *Id.* ¶ 103 ("No other students testified on behalf of the prosecution," but "CSA students did testify on behalf of Greene's defense"). With the full support of CSA students, Greene was found not guilty on all charges. *Id.*

¶¶ 10, 101. Plaintiffs further admit that *they* kept their own sexual activity with Greene secret and did not tell any "CSA administrators or other authorities or even their own families." *Id.* ¶ 87.

Taking Plaintiffs' allegations as true, CSA students refused to report Greene's alleged misconduct, and actively denied that it occurred. Thus, Plaintiffs' own allegations belie their conclusory assertion that the Individual Defendants knew or had reason to know of Greene's alleged misconduct. And, without knowledge or reason to know of Greene's alleged misconduct, the Individual Defendants could not have "fail[ed] to exercise any care" in the face of "great probability that harm will result," nor could they have acted with "conscious disregard of or indifference to a known or obvious risk of harm to another." *Anderson*, 983 N.E.2d at 273.

While, at this stage, the Court presumes the truth of Plaintiffs' well-pleaded factual allegations, it "need not . . . accept conclusory allegations or conclusions of law dressed up as facts." *Erie Cty., Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). Plaintiff's conclusory allegations of "wanton and reckless" conduct are entitled to no deference and do not overcome the Individual Defendants' immunity. *Boske v. Massillon City Sch. Dist.*, No. 2010-CA-00120, 2011 Ohio App. LEXIS 500, at *9-11 (Ohio Ct. App. Feb. 7, 2011) (reversing denial of immunity for school district superintendent because "the complaint does not allege any acts or omissions on the part of Blosser [the superintendent]," and "[a]lthough Blosser is responsible for supervising, hiring, and retaining teachers, the only allegation as to Blosser is that he breached his duty by employing and retaining Page when he knew or should have known Page had a propensity to engage in improper sexual contact with students," which is "insufficient to state a cause of action against Blosser").

Plaintiffs' claims for negligence (Count III), IIED (Count V), and negligent hiring, supervision, and retention (Count VI) against the Individual Defendants should be dismissed.

IV.    **PLAINTIFFS FAIL TO STATE A CLAIM AGAINST THE INDIVIDUAL DEFENDANTS FOR NEGLIGENCE (COUNT III), IIED (COUNT V), OR NEGLIGENT HIRING, SUPERVISION, AND RETENTION (COUNT VI).**

The claims in Counts III, V, and VI of the FAC also should be dismissed for the additional reason that Plaintiffs fail to plead facts sufficient to state these claims.

First, to the extent that Plaintiffs predicate Count III (negligence) on a purported violation of Ohio Rev. Code § 2151.421, they fail to plead sufficient facts to state such a claim and, in any event, lack standing to do so. *See supra* note 10. Second, to the extent Plaintiffs base this negligence claim on the Individual Defendants' alleged "fail[ure] to conduct an investigation and . . . to take any remedial actions" regarding Greene (FAC ¶ 152), this, too, fails. Plaintiffs cannot "state a viable claim of negligence against the defendants in their individual capacities" based on a breach of Title IX duties, because "[a]ny liability under Title IX resides solely with the [District]." *Doe v. Univ. of Ky.*, 361 F. Supp. 3d 687, 701-02 (E.D. Ky. 2019) (citing *Soper v. Hoben*, 195 F.3d 845, 854 (6th Cir. 1999) ("[O]nly recipients of federal funds may be liable for damages under Title IX.")) (dismissing plaintiff's negligence claim).

Thus, to avoid dismissal of Count III, Plaintiffs must plead facts indicating, among other elements, that the Individual Defendants owed them a duty. *V & M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465-66 (6th Cir. 2012) (citing *Jeffers v. Olexo*, 539 N.E.2d 614, 616 (Ohio 1989)). Similarly, for Count V (IIED) to survive, Plaintiffs must allege, among other facts, that each Individual Defendant intended to cause, or knew or should have known that his or her actions would result in, serious emotional distress. *Morrow v. Reminger & Reminger Co.*, 915 N.E.2d 696, 712-13 (Ohio Ct. App. 2009). And Plaintiffs' claim for negligent hiring, supervision, and retention (Count VI) requires, among other allegations, the Individual Defendants' actual or constructive

knowledge of Greene's incompetence. *Hout v. City of Mansfield*, 550 F. Supp. 2d 701, 745 (N.D. Ohio 2008) (citing *Linder v. Am. Nat'l Ins. Co.*, 798 N.E.2d 1190, 1197 (Ohio Ct. App. 2003)).[11]

The FAC contains no such allegations. For their negligence claims (Counts III, VI), Plaintiffs merely allege, in conclusory fashion, that CMSD Defendants "had actual and constructive knowledge" of Greene's misconduct and incompetence. FAC ¶¶ 150, 170. Likewise, for their IIED claim (Count V), Plaintiffs simply allege that "the ratification and indifference of Greene's behavior by Defendants Walton, Holloway, Koonce and Mazo was illegal, outrageous, egregious and well beyond the bounds of decency and entirely intolerable in a civilized society." *Id.* ¶ 165. Such "legal conclusion[s] couched as . . . factual allegation[s]" are entitled to no deference. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.at 555).

To the contrary, as discussed in Section III above, Plaintiffs not only fail to assert a single allegation against any Individual Defendant in particular, but they assert that Greene's alleged misconduct was a tightly guarded secret among CSA students. Taking Plaintiffs' allegations as true, the Individual Defendants had no knowledge or reason to know of Greene's alleged misconduct or incompetence, and thus no reason or duty to take any action—and they certainly had no intent to, or knowledge that their actions would, cause any Plaintiff emotional distress.

Plaintiffs' claims for negligence (Count III), IIED (Count V), and negligent hiring, supervision, and retention (Count VI) against the Individual Defendants should be dismissed.

## V.  PLAINTIFFS FAIL TO STATE A CLAIM AGAINST CMSD FOR NEGLIGENT HIRING, SUPERVISION, AND RETENTION (COUNT VI).

For the reasons discussed in Section IV, Plaintiffs also fail to state a claim against CMSD for negligent hiring, supervision, and retention. Count VI should be dismissed as to CMSD as well.

---

[11] This assumes without conceding, for purposes of this Motion, Greene was CMSD's employee.

## **CONCLUSION**

For the reasons set forth herein, CMSD Defendants respectfully request that the Court grant their Motion to Dismiss the FAC in its entirety and with prejudice as to CMSD Defendants.

Dated:  September 21, 2020                              Respectfully submitted,

                                                                      /s/ *Colin R. Jennings*
                                                                      Colin R. Jennings (0068704)
                                                                      colin.jennings@squirepb.com
                                                                      Marisa T. Darden (0098583)
                                                                      marisa.darden@squirepb.com
                                                                      Emily R. Spivack (0090777)
                                                                      emily.spivack@squirepb.com
                                                                      SQUIRE PATTON BOGGS (US) LLP
                                                                      4900 Key Tower
                                                                      127 Public Square
                                                                      Cleveland, Ohio 44114
                                                                      Telephone: +1 216 479 8500
                                                                      Facsimile: +1 216 479 8780

                                                                      Counsel for Defendants
                                                                      Cleveland Municipal School District Board of
                                                                      Education, Dr. Barbara E. Walton-Poon,
                                                                      Andrew J. Koonce, Kendra E. Holloway, and
                                                                      Jeffrey S. Mazo

## **CERTIFICATE OF COMPLIANCE WITH L.R. 7.1**

This case has not been assigned a track, and this Memorandum adheres to the page limitations set forth in L.R. 7.1(f). Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Executed on September 21, 2020.

/s/ *Colin R. Jennings*
One of the Attorneys for CMSD Defendants