**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN DOE 1, et al.,** | ) | **Case No. 1:20-cv-01695-JG** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Judge: JAMES S. GWIN** |
| **v.** | ) | |
| | ) | |
| **THE CLEVELAND METROPOLITAN** | ) | **DEFENDANTS CLEVELAND** |
| **SCHOOL DISTRICT BOARD OF** | ) | **METROPOLITAN SCHOOL** |
| **EDUCATION, et al.,** | ) | **DISTRICT BOARD OF EDUCATION,** |
| | ) | **BARBARA E. WALTON, ANDREW J.** |
| **Defendants.** | ) | **KOONCE, KENDRA E. HOLLOWAY,** |
| | ) | **AND JEFFREY S. MAZO'S ANSWER** |
| | ) | **AND DEFENSES TO PLAINTIFFS'** |
| | ) | **SECOND AMENDED COMPLAINT** |
| | ) | |

Defendants Cleveland Municipal School District Board of Education ("CMSD" or the "District"), Dr. Barbara Walton-Poon, Andrew Koonce, Kendra Holloway, and Jeffrey Mazo (the "Individual Defendants") (collectively with CMSD, "CMSD Defendants"), by and through undersigned counsel, hereby file this Answer and Defenses ("Answer") to Plaintiffs' Second Amended Complaint ("SAC").[1] Any allegation not explicitly admitted is denied. Headings contained in the SAC are not substantive allegations to which an answer is required, and to the extent the headings are repeated in this Answer, it is solely for ease of reference. To the extent those headings are substantive allegations to which an answer is required, CMSD Defendants deny the allegations.

---

[1] CMSD Defendants file this Answer subject to their contemporaneously filed Motion to Dismiss, in compliance with Section III of this Court's Standing Civil Trial Order.

# INTRODUCTION

The introductory paragraph of the SAC states a legal conclusion to which no response is required, and to the extent a response is required, CMSD Defendants deny the allegations in the introductory paragraph.

# JURISDICTION AND VENUE

1. As a court's subject-matter jurisdiction is not a matter subject to the stipulation of litigants, no admission or denial is required, and CMSD Defendants neither admit nor deny the allegations in Paragraph 1 of the SAC.

2. CMSD Defendants admit that venue is proper. Except as expressly admitted, CMSD Defendants deny the allegations in Paragraph 2 of the SAC.

3. CMSD Defendants admit that the Cleveland School of the Arts ("CSA") is a school within CMSD. To the extent the remaining allegations in Paragraph 3 of the SAC state legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the remaining allegations. Except as expressly admitted, CMSD Defendants deny the allegations in Paragraph 3.

4. CMSD Defendants admit that CSA, along with other schools, are comprised in the District. To the extent the remaining allegations in Paragraph 4 of the SAC state legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the remaining allegations.

5. Paragraph 5 of the SAC states a legal conclusion to which no response is required, and to the extent a response is required, CMSD Defendants deny the allegations in Paragraph 5.

6. CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the SAC and, on that basis, deny them.

7.      CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the SAC and, on that basis, deny them.

8.      As Section 2907.03 of the Ohio Revised Code, which Paragraph 8 of the SAC purportedly quotes, speaks for itself, CMSD Defendants neither admit nor deny the content of that provision. To the extent the remaining allegations in Paragraph 8 state a legal conclusion, no response is required, and to the extent a response is required, CMSD Defendants deny the remaining allegations.

9.      CMSD Defendants deny the allegations in Paragraph 9 of the SAC.

10.     CMSD Defendants admit that, following a trial in the Cuyahoga County Court of Common Pleas in 2004, Defendant Terence Greene was found not guilty on all charges and that, following Greene's acquittal, CMSD engaged him as an independent contractor. To the extent the remaining allegations in Paragraph 10 of the SAC state a legal conclusion, no response is required, and to the extent a response is required, CMSD Defendants deny the remaining allegations.

11.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the interactions between Plaintiffs and Greene and, on that basis, deny the second sentence of Paragraph 11 of the SAC. CMSD Defendants deny the remaining allegations in Paragraph 11.

12.     Paragraph 12 of the SAC states legal conclusions to which no response is required, and to the extent a response is required, CMSD Defendants deny the allegations in Paragraph 12.

13.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the SAC and, on that basis, deny them.

14.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' subjective feelings and, on that basis, deny the allegations in Paragraph 14 of the SAC.

15.     CMSD Defendants admit that Plaintiffs filed this lawsuit anonymously but deny the remaining allegations in Paragraph 15 of the SAC. Except as expressly admitted, CMSD Defendants deny the allegations in Paragraph 15.

16.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs attended CSA or Plaintiffs' subjective expectations of the educational experience that CSA provides and, on that basis, deny the allegations in Paragraph 16 of the SAC.

17.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' subjective beliefs about CMSD Defendants and, on that basis, deny the allegations in Paragraph 17 of the SAC.

18.     To the extent Paragraph 18 of the SAC states a legal conclusion, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

19.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' and their parents' subjective feelings and, on that basis, deny the allegations in Paragraph 19 of the SAC.

20.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' subjective feelings and, on that basis, deny the allegations in Paragraph 20 of the SAC.

21.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' subjective feelings and, on that basis, deny the allegations in Paragraph 21 of the SAC.

22.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' subjective feelings and, on that basis, deny the allegations in Paragraph 22 of the SAC.

23.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' subjective expectations and perceptions of CSA and the Individual Defendants and, on that basis, deny the allegations in Paragraph 23 of the SAC.

24.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' subjective feelings and, on that basis, deny those allegations in Paragraph 24 of the SAC. To the extent the remaining allegations in Paragraph 24 state a legal conclusion, no response is required, and to the extent a response is required, CMSD Defendants deny the remaining allegations.

25.     CMSD Defendants deny the allegations in Paragraph 25 of the SAC, except admit that, after Greene was acquitted on all charges following a trial in a court of competent jurisdiction in 2004, CMSD engaged Greene as an independent contractor.

26.     Paragraph 26 of the SAC states legal conclusions to which no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

27.     To the extent the first sentence of Paragraph 27 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations. CMSD Defendants admit that Dr. Walton-Poon served as principal of CSA at certain times and that Koonce and Holloway served as assistant principals of CSA at certain times, but

deny that Mazo served as assistant principal of CSA at any relevant time. Except as expressly admitted, CMSD Defendants deny the allegations in Paragraph 27.

28. CMSD Defendants deny the allegations in Paragraph 28 of the SAC.

29. CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the SAC and, on that basis, deny them.

30. To the extent Paragraph 30 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

31. To the extent Paragraph 31 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

32. To the extent Paragraph 32 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

33. To the extent Paragraph 33 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

## PARTIES

34. CMSD Defendants admit that CMSD is a public school district in Cleveland, Ohio, that CSA is a school within CMSD, and that CMSD receives federal financial assistance. To the extent the remaining allegations in Paragraph 34 of the SAC state a legal conclusion, no response is required, and to the extent a response is required, CMSD Defendants deny the remaining allegations. Except as expressly admitted, CMSD Defendants deny the allegations in Paragraph 34.

35. CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the periods during which Plaintiffs were students at CSA and, on that basis, deny the allegations in Paragraph 35 of the SAC.

36.     CMSD Defendants aver that Dr. Walton-Poon was the principal of CSA at certain times, though not continuously, between 1999 and 2011. Except as expressly admitted, CMSD Defendants deny the allegations in Paragraph 36 of the SAC.

37.     CMSD Defendants admit that Koonce and Holloway were assistant principals of CSA at certain points, but deny that Mazo was an assistant principal of CSA at any relevant time. Except as expressly admitted, CMSD Defendants deny the allegations in Paragraph 37 of the SAC.

38.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the locations of Plaintiffs' past residences and, on that basis, deny those allegations in Paragraph 38 of the SAC. CMSD Defendants deny the remaining allegations in Paragraph 38.

39.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the locations of Plaintiffs' residences and, on that basis, deny the allegations in Paragraph 39 of the SAC.

40.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the period during which John Doe 1 attended CSA and, on that basis, deny the allegations in Paragraph 40 of the SAC.

41.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the period during which John Doe 2 attended CSA and, on that basis, deny the allegations in Paragraph 41 of the SAC.

42.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the periods during which John Doe 3 attended CSA and, on that basis, deny the allegations in Paragraph 42 of the SAC.

43.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the period during which John Doe 4 attended CSA and, on that basis, deny the allegations in Paragraph 43 of the SAC.

44.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the period during which John Doe 5 attended CSA and, on that basis, deny the allegations in Paragraph 44 of the SAC.

45.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the period during which John Doe 6 attended CSA and, on that basis, deny the allegations in Paragraph 45 of the SAC.

46.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the period during which John Doe 7 attended CSA and, on that basis, deny the allegations in Paragraph 46 of the SAC.

47.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the period during which John Doe 8 attended CSA and, on that basis, deny the allegations in Paragraph 47 of the SAC.

48.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Doe 1's interactions with Greene and, on that basis, deny the allegations in Paragraph 48 of the SAC.

49.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Doe 2's interactions with Greene and, on that basis, deny the allegations in Paragraph 49 of the SAC.

50.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Doe 3's interactions with Greene and, on that basis, deny the allegations in Paragraph 50 of the SAC.

51.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Doe 4's interactions with Greene and, on that basis, deny the allegations in Paragraph 51 of the SAC.

52.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Doe 5's interactions with Greene and, on that basis, deny the allegations in Paragraph 52 of the SAC.

53.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Doe 6's interactions with Greene and, on that basis, deny the allegations in Paragraph 53 of the SAC.

54.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Doe 7's interactions with Greene and, on that basis, deny the allegations in Paragraph 54 of the SAC.

55.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Doe 8's interactions with Greene and, on that basis, deny the allegations in Paragraph 55 of the SAC.

56.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' interactions with Greene or the periods during which Plaintiffs were students at CSA and, on that basis, deny those allegations in Paragraph 56 of the SAC. CMSD Defendants deny that Greene was a teacher at CSA. To the extent the

remaining allegations in Paragraph 56 state legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the remaining allegations.

57.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Greene's age and, on that basis, deny those allegations in Paragraph 57 of the SAC. To the extent the remaining allegations in Paragraph 57 state legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the remaining allegations.

58.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Doe 1's interactions with Greene and, on that basis, deny the allegations in Paragraph 58 of the SAC.

59.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Doe 1's interactions with Greene and, on that basis, deny the allegations in Paragraph 59 of the SAC.

60.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Doe 2's interactions with Greene or John Doe 2's academic status at that time and, on that basis, deny the allegations in Paragraph 60 of the SAC.

61.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Doe 2's interactions with Greene and, on that basis, deny the allegations in Paragraph 61 of the SAC.

62.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Doe 2's interactions with Greene or John Doe 2's academic status at that time and, on that basis, deny the allegations in Paragraph 62 of the SAC.

63. CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Doe 3's interactions with Greene or John Doe 3's academic status at that time and, on that basis, deny the allegations in Paragraph 63 of the SAC.

64. CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Doe 3's interactions with Greene and, on that basis, deny the allegations in Paragraph 64 of the SAC.

65. CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Doe 4's interactions with Greene, John Doe 4's academic status at that time, or John Doe 4's subjective feelings and, on that basis, deny the allegations in Paragraph 65 of the SAC.

66. CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the SAC and, on that basis, deny them.

67. CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Doe 5's interactions with Greene and, on that basis, deny the allegations in Paragraph 67 of the SAC.

68. CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Doe 6's interactions with Greene and, on that basis, deny the allegations in Paragraph 68 of the SAC.

69. CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Doe 7's interactions with Greene or John Doe 7's academic status at that time and, on that basis, deny the allegations in Paragraph 69 of the SAC.

70.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Doe 8's interactions with Greene or John Doe 8's academic status at that time and, on that basis, deny the allegations in Paragraph 70 of the SAC.

71.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the SAC and, on that basis, deny them.

72.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' interactions with Greene and, on that basis, deny the allegations in Paragraph 72 of the SAC.

## DEFENDANT TERENCE GREENE

73.     CMSD Defendants deny the first two sentences of Paragraph 73 of the SAC but aver that CMSD engaged Greene as an independent contractor in or around 1999 and, at certain points between that time at 2014, Greene instructed dance students at CSA. As Greene's website, which the third sentence of Paragraph 73 purportedly quotes, speaks for itself, CMSD Defendants neither admit nor deny the contents of that website. Except as expressly admitted, CMSD Defendants deny the allegations in Paragraph 73.

74.     CMSD Defendants aver that Greene did not hold an educator license issued by the Ohio Department of Education at the times that he served as an independent contractor of CMSD, as the District never employed Greene as an educator. Except as expressly admitted, CMSD Defendants deny the allegations in Paragraph 74 of the SAC.

75.     CMSD Defendants admit that Greene, as an independent contractor, was referred to as an artist in residence at certain times. CMSD Defendants deny that CMSD employed Greene, and deny the remaining allegations in Paragraph 75 of the SAC. Except as expressly admitted, CMSD Defendants deny the allegations in Paragraph 75.

76. CMSD Defendants admit that Greene instructed students in dance, produced dance performances, and traveled with dance students to out-of-town performances, all of which inherently involves interacting with students. CMSD Defendants deny the remaining allegations in Paragraph 76 of the SAC. Except as expressly admitted, CMSD Defendants deny the allegations in Paragraph 76.

77. CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' interactions with Greene, Plaintiffs' ages, or Greene's interactions with unidentified third parties and, on that basis, deny the allegations in Paragraph 77 of the SAC.

78. CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the periods during which Plaintiffs were students at CSA or Plaintiffs' course loads at those times and, on that basis, deny the allegations in Paragraph 78 of the SAC.

79. CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Does 2-5's subjective evaluations of their own dancing abilities or beliefs as to Greene's relationship to them or position in the dance community and, on that basis, deny those allegations in Paragraph 79 of the SAC. CMSD Defendants deny that Greene was a teacher and deny the remaining allegations in Paragraph 79.

80. CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Doe 1's, John Doe 6's, John Doe 7's, and John Doe 8's academic statuses at CSA or participation in the activities of the dance department and, on that basis, deny the allegations in Paragraph 80 of the SAC.

81.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Greene's subjective thoughts and, on that basis, deny those allegations in Paragraph 81 of the SAC. CMSD Defendants deny the remaining allegations in Paragraph 81 of the SAC.

82.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the SAC and, on that basis, deny them.

83.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' upbringings and subjective beliefs and, on that basis, deny the allegations in Paragraph 83 of the SAC.

84.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the SAC and, on that basis, deny them.

85.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' subjective perception of the ideal relationship between dance students and their instructors and, on that basis, deny the first sentence of Paragraph 85 of the SAC. To the extent the remaining allegations in Paragraph 85 state a legal conclusion, no response is required, and to the extent a response is required, CMSD Defendants deny the remaining allegations.

86.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' subjective feelings and, on that basis, deny those allegations in Paragraph 86 of the SAC. To the extent the remaining allegations in Paragraph 86 state a legal conclusion, no response is required, and to the extent a response is required, CMSD Defendants deny the remaining allegations in Paragraph 86.

87. CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' subjective feelings and, on that basis, deny those allegations in Paragraph 87 of the SAC. To the extent the remaining allegations in Paragraph 87 state a legal conclusion, no response is required, and to the extent a response is required, CMSD Defendants deny the remaining allegations.

88. CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' subjective feelings and, on that basis, deny the allegations in Paragraph 88 of the SAC.

89. CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the unidentified purported former CSA student's statements and subjective feelings regarding CSA faculty and students and, on that basis, deny the allegations in Paragraph 89 of the SAC.

90. CMSD Defendants admit that Greene had an exceptional reputation as a professional dancer, and that the Friends of CSA have, at times, provided certain charitable financial support to CSA. CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding unidentified individuals' subjective perceptions of CSA's dance program, or regarding Plaintiffs' subjective feelings about Greene, and, on that basis, deny the allegations in the second and fourth sentences of Paragraph 90 of the SAC. CMSD Defendants deny the remaining allegations in Paragraph 90. Except as expressly admitted, CMSD Defendants deny the allegations in Paragraph 90.

91. CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' subjective perception of and feelings about their

relationships and interactions with Greene and, on that basis, deny those allegations in Paragraph 91 of the SAC. CMSD Defendants deny the remaining allegations in Paragraph 91.

92.     CMSD Defendants admit there is an application process for enrolling in CSA. CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' subjective perception of what constitutes "success" or "difficult," Plaintiffs' subjective motivations for failing to disclose their allegations regarding Greene, or CSA students' subjective perception of admission to CSA, and, on that basis, deny those allegations in the first, fourth, and sixth sentences of Paragraph 92 of the SAC. As the CSA website, which the second sentence of Paragraph 92 purportedly quotes, speaks for itself, CMSD Defendants neither admit nor deny the content of that website. CMSD Defendants deny the remaining allegations in Paragraph 92. Except as expressly admitted, CMSD Defendants deny the allegations in Paragraph 92.

93.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Doe 4's Facebook activity in June 2020 and, on that basis, deny those allegations in Paragraph 93 of the SAC. As any purported Facebook posts speak for themselves, CMSD Defendants neither admit nor deny the content of the Facebook posts alleged in Paragraph 93. CMSD Defendants deny the remaining allegations in Paragraph 93.

94.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the relationships among CSA alumni and, on that basis, deny the first sentence of Paragraph 94 of the SAC. As the Facebook website speaks for itself, CMSD Defendants neither admit nor deny the content of that website with respect to any connections among CSA alumni, employees, and Greene. CMSD Defendants deny the remaining allegations in Paragraph 94.

95.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Doe 1's, John Doe 2's, and John Doe 4's Facebook activities in or around June 2020 and, on that basis, deny those allegations in Paragraph 95 of the SAC. As any purported Facebook posts speak for themselves, CMSD Defendants neither admit nor deny the content of the Facebook posts alleged in Paragraph 95. CMSD Defendants deny the remaining allegations in Paragraph 95.

96.     To the extent Paragraph 96 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

97.     To the extent Paragraph 97 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

98.     To the extent Paragraph 98 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

### CSA: KNOWLEDGE AND DELIBERATE INDIFFERENCE

99.     CMSD Defendants admit that CMSD engaged Greene as an independent contractor in or around 1999, but deny that Greene was hired or that Greene was a teacher. CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 of the SAC and, on that basis, deny them. Except as expressly admitted, CMSD Defendants deny the allegations in Paragraph 99.

100.    CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the SAC and, on that basis, deny them.

101.    CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the SAC and, on that basis, deny them, but aver that in 2003 Greene was indicted on certain criminal charges, on which, following a trial in a court of competent jurisdiction in 2004, Greene was acquitted.

102.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the SAC and, on that basis, deny them.

103.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the SAC and, on that basis, deny them.

104.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the SAC and, on that basis, deny them.

105.     CMSD Defendants aver that, when Greene was arrested in August 2003, the District discontinued Greene's contract services and prohibited him from entering school grounds. CMSD Defendants admit that, following a trial in the Cuyahoga County Court of Common Pleas, Greene was acquitted of all allegations of misconduct. CMSD Defendants deny the remaining allegations in Paragraph 105 of the SAC. Except as expressly admitted, CMSD Defendants deny the allegations in Paragraph 105.

106.     CMSD Defendants admit that CMSD engaged Greene as an independent contractor to instruct dance in 2004. Except as expressly admitted, CMSD Defendants deny the allegations in Paragraph 106 of the SAC.

107.     CMSD Defendants deny that any CSA administrator testified in support of Greene at his trial. CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107 of the SAC and, on that basis, deny them.

108.     To the extent Paragraph 108 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

109.     CMSD Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the SAC and, on that basis, deny them.

110. To the extent Paragraph 110 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

111. To the extent Paragraph 111 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

112. To the extent Paragraph 112 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations, but aver that based on the evidence, including any testimony, presented during Greene's trial, a court of competent jurisdiction fully absolved Greene of all purported misconduct.

113. CMSD Defendants deny the allegations in Paragraph 113 of the SAC.

114. CMSD Defendants deny the allegations in Paragraph 114 of the SAC.

115. CMSD Defendants deny the allegations in Paragraph 115 of the SAC.

116. CMSD Defendants deny the allegations in Paragraph 116 of the SAC.

117. CMSD Defendants deny the allegations in Paragraph 117 of the SAC.

## FEDERAL CAUSES OF ACTION

## CLAIMS FOR RELIEF

## COUNT I – VIOLATION OF TITLE IX, 20 U.S.C. §1681(A) ET SEQ. – HEIGHTENED RISK

118. CMSD Defendants incorporate Paragraphs 1-117 above as if fully rewritten herein. Except as expressly admitted, CMSD Defendants deny the allegations in Paragraph 118 of the SAC.

119. As 20 U.S.C. § 1681(a), which Paragraph 119 of the SAC purportedly quotes, speaks for itself, CMSD Defendants neither admit nor deny the content of that provision.

120. As 34 C.F.R. pt. 106 speaks for itself, CMSD Defendants neither admit nor deny the content of those regulations. As 34 C.F.R. § 106.8(b), which the second sentence of

Paragraph 120 of the SAC purportedly quotes, speaks for itself, CMSD Defendants neither admit nor deny the content of that provision. CMSD Defendants deny the remaining allegations in Paragraph 120.

121. As the Office for Civil Rights' guidance speaks for itself, CMSD Defendants neither admit nor deny the content of that guidance. CMSD Defendants deny the remaining allegations in Paragraph 121 of the SAC.

122. To the extent Paragraph 122 of the SAC states a legal conclusion, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

123. To the extent Paragraph 123 of the SAC states a legal conclusion, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

124. CMSD Defendants admit that CMSD receives federal financial assistance. To the extent the remaining allegation in Paragraph 124 of the SAC states a legal conclusion, no response is required, and to the extent a response is required, CMSD Defendants deny the allegation. Except as expressly admitted, CMSD Defendants deny the allegations in Paragraph 124.

125. To the extent Paragraph 125 of the SAC states a legal conclusion, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

126. To the extent Paragraph 126 of the SAC states a legal conclusion, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

127. To the extent Paragraph 127 of the SAC states a legal conclusion, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

128. To the extent Paragraph 128 of the SAC states a legal conclusion, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

129.    To the extent Paragraph 129 of the SAC states a legal conclusion, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

130.    To the extent Paragraph 130 of the SAC states a legal conclusion, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

131.    To the extent Paragraph 131 of the SAC states a legal conclusion, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

132.    CMSD Defendants deny the allegations in Paragraph 132 of the SAC.

133.    To the extent Paragraph 133 of the SAC states a legal conclusion, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

134.    To the extent Paragraph 134 of the SAC states a legal conclusion, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

135.    To the extent Paragraph 135 of the SAC states a legal conclusion, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

136.    To the extent Paragraph 136 of the SAC states a legal conclusion, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

## COUNT II – VIOLATION OF TITLE IX, 20 U.S.C. §1681(A) ET SEQ. – HOSTILE ENVIRONMENT

137.    CMSD Defendants incorporate Paragraphs 1-136 above as if fully rewritten herein. Except as expressly admitted, CMSD Defendants deny the allegations in Paragraph 137 of the SAC.

138.    CMSD Defendants admit that students in grades 6-12 attended CSA at the same school building at certain times. Except as expressly admitted, CMSD Defendants deny the allegations in Paragraph 138 of the SAC.

139.     To the extent Paragraph 139 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

140.     To the extent Paragraph 140 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

141.     To the extent Paragraph 141 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

142.     To the extent Paragraph 142 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

143.     To the extent Paragraph 143 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

144.     To the extent Paragraph 144 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

145.     To the extent Paragraph 145 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

146.     To the extent Paragraph 146 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

147.     To the extent Paragraph 147 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

PRAYER FOR RELIEF: CMSD Defendants deny that Plaintiffs are entitled to any relief.

## STATE CAUSES OF ACTION

## COUNT III – NEGLIGENT, WANTON AND RECKLESS CONDUCT

148.     CMSD Defendants incorporate Paragraphs 1-147 above as if fully rewritten herein. Except as expressly admitted, CMSD Defendants deny the allegations in Paragraph 148 of the SAC.

149. CMSD Defendants aver that Dr. Walton-Poon was the principal of CSA at certain points, though not continuously, between 1999 and 2011. Except as expressly admitted, CMSD Defendants deny the allegations in Paragraph 149 of the SAC.

150. CMSD Defendants deny the allegations in Paragraph 150 of the SAC.

151. CMSD Defendants deny the allegations in Paragraph 151 of the SAC.

152. CMSD Defendants deny the allegations in Paragraph 152 of the SAC.

153. To the extent Paragraph 153 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

154. To the extent Paragraph 154 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

155. To the extent Paragraph 155 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

156. To the extent Paragraph 156 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

157. To the extent Paragraph 157 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

158. To the extent Paragraph 158 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

159. To the extent Paragraph 159 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

PRAYER FOR RELIEF: CMSD Defendants deny that Plaintiffs are entitled to any relief.

## COUNT IV – SEXUAL ASSAULT & BATTERY

160.     CMSD Defendants incorporate Paragraphs 1-159 above as if fully rewritten herein. Except as expressly admitted, CMSD Defendants deny the allegations in Paragraph 160 of the SAC.

161.     As the allegations in Paragraph 161 of the SAC are directed to parties other than CMSD Defendants, no response by CMSD Defendants is required, and CMSD Defendants neither admit nor deny the allegations.

162.     As the allegations in Paragraph 162 of the SAC are directed to parties other than CMSD Defendants, no response by CMSD Defendants is required, and CMSD Defendants neither admit nor deny the allegations.

163.     As the allegations in Paragraph 163 of the SAC are directed to parties other than CMSD Defendants, no response by CMSD Defendants is required, and CMSD Defendants neither admit nor deny the allegations.

164.     As the allegations in Paragraph 164 of the SAC are directed to parties other than CMSD Defendants, no response by CMSD Defendants is required, and CMSD Defendants neither admit nor deny the allegations.

165.     As the allegations in Paragraph 165 of the SAC are directed to parties other than CMSD Defendants, no response by CMSD Defendants is required, and CMSD Defendants neither admit nor deny the allegations.

166.     As the allegations in Paragraph 166 of the SAC are directed to parties other than CMSD Defendants, no response by CMSD Defendants is required, and CMSD Defendants neither admit nor deny the allegations.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

167.    CMSD Defendants incorporate Paragraphs 1-166 above as if fully rewritten herein. Except as expressly admitted, CMSD Defendants deny the allegations in Paragraph 167 of the SAC.

168.    As the allegations in Paragraph 168 of the SAC are directed to parties other than CMSD Defendants, no response by CMSD Defendants is required, and CMSD Defendants neither admit nor deny the allegations.

169.    To the extent Paragraph 169 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

170.    To the extent Paragraph 170 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

## COUNT VI – HIRING, SUPERVISION, AND RETENTION

171.    CMSD Defendants incorporate Paragraphs 1-170 above as if fully rewritten herein. Except as expressly admitted, CMSD Defendants deny the allegations in Paragraph 171 of the SAC.

172.    CMSD Defendants deny the allegations in Paragraph 172 of the SAC.

173.    CMSD Defendants aver that Greene did not hold an educator license issued by the Ohio Department of Education at the times that he served as an independent contractor of CMSD, as the District never employed Greene as an educator. To the extent the remaining allegations in Paragraph 173 of the SAC state a legal conclusion, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations. Except as expressly admitted, CMSD Defendants deny the allegations in Paragraph 173 of the SAC.

174.    To the extent Paragraph 174 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

175. To the extent Paragraph 175 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

176. To the extent Paragraph 176 of the SAC states legal conclusions, no response is required, and to the extent a response is required, CMSD Defendants deny the allegations.

PRAYER FOR RELIEF: CMSD Defendants deny that Plaintiffs are entitled to any relief.

## AFFIRMATIVE & OTHER DEFENSES

Without admitting any of the facts alleged in the SAC, CMSD Defendants hereby assert and allege the following separate and additional defenses, without assuming the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs, and without prejudice to CMSD Defendants' right to argue that Plaintiffs bear the burden of proof as to any one or more of said defenses. Furthermore, all such defenses are pleaded in the alternative and do not constitute an admission of liability or an admission that Plaintiffs are entitled to any relief whatsoever. CMSD Defendants presently have insufficient knowledge or information as to whether they may have additional, as yet unasserted, defenses. CMSD Defendants therefore reserve the right to assert additional defenses in the event discovery or further proceedings indicate such additional defenses would be appropriate:

## FIRST DEFENSE

The SAC fails, in whole or in part, to state a claim upon which relief can be granted or a claim for which the relief sought may be awarded.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

## THIRD DEFENSE

This Court lacks jurisdiction over some or all of Plaintiffs' claims.

### FOURTH DEFENSE

Plaintiffs' state-law claims against CMSD Defendants, including the claims for punitive damages, are barred by statutory immunity, including the statutory immunity afforded to political subdivisions and their employees under Chapter 2744 of the Ohio Revised Code.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by equitable defenses, including the doctrines of equitable estoppel, laches, waiver, and/or unclean hands.

### SIXTH DEFENSE

Plaintiffs have suffered no damages as a result of any alleged act or omission of CMSD Defendants.

### SEVENTH DEFENSE

Plaintiffs' claims are barred to the extent that damages, if any, resulted from the acts and/or omissions of a Plaintiff or any person on whose behalf relief is sought.

### EIGHTH DEFENSE

The SAC fails to state a claim upon which an award of punitive damages can be granted.

### NINTH DEFENSE

Plaintiffs' claims for punitive damages are barred because CMSD Defendants did not act with, ratify, authorize, or acquiesce in any acts of fraud; oppression; malice; wanton, willful, or conscious disregard; or reckless indifference toward Plaintiffs.

### TENTH DEFENSE

Plaintiffs' claims for punitive damages are barred because CMSD Defendants engaged in a good-faith effort to comply with the law.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred because no CMSD Defendant acted with the requisite mental state toward any individual.

## TWELFTH DEFENSE

Plaintiffs' claims for punitive damages are barred to the extent such damages are not authorized by applicable federal or state law.

## THIRTEENTH DEFENSE

Any award of punitive damages in this case would violate the constitutional safeguards provided to CMSD Defendants under the constitutions of the United States and the State of Ohio.

## FOURTEENTH DEFENSE

Plaintiffs are not entitled to attorney's fees, costs, or expenses.

## FIFTEENTH DEFENSE

Plaintiffs' claims for damages are subject to the caps, offsets, limitations, and reductions set forth in various sections of Chapter 2315 of the Ohio Revised Code.

## SIXTEENTH DEFENSE

If any claim is to be tried to a jury and is one in which Plaintiffs make claims for compensatory and punitive and/or exemplary damages, it must, upon later motion of CMSD Defendants, be bifurcated pursuant to Section 2315.21 of the Ohio Revised Code.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs lack standing to assert them.

## EIGHTEENTH DEFENSE

Plaintiffs' claims under Title IX are barred to the extent Plaintiffs were not denied access to the educational opportunities or benefits provided by CSA.

## NINETEENTH DEFENSE

Plaintiffs' claims under Title IX are barred to the extent no CMSD official with authority to take corrective action and to end discrimination had actual notice of any purported harassment by Greene.

## TWENTIETH DEFENSE

Plaintiffs' claims under Title IX are barred to the extent that CMSD promptly, thoroughly, and impartially investigated upon learning of any possible harassment by Greene to determine what occurred and then took appropriate steps to resolve any confirmed harassment.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred as to any Individual Defendant to the extent the Individual Defendant did not know or have reason to know of any misconduct by Greene, and therefore had no reason or duty to take any actions whatsoever with respect to Greene and no knowledge or reason to know that his or her inaction would injure Plaintiffs.

## TWENTY-SECOND DEFENSE

Plaintiffs' claim for negligent, wanton, and reckless conduct is barred to the extent it is predicated on purported violations of Title IX and/or Section 2151.421 of the Ohio Revised Code.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred as to any Individual Defendant to the extent the Individual Defendant was not a CMSD administrator or employee, and had no role, authority, or presence at CSA whatsoever, during any period relevant to the claims.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claim for hiring, supervision, and retention is barred to the extent no employment relationship existed between Greene and CMSD.

## TWENTY-FIFTH DEFENSE

Plaintiffs failed to plead the elements of fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

Dated: December 1, 2020

Respectfully submitted,

/s/ *Colin R. Jennings*

Colin R. Jennings (0068704)
colin.jennings@squirepb.com
Marisa T. Darden (0098583)
marisa.darden@squirepb.com
Emily R. Spivack (0090777)
emily.spivack@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Telephone: +1 216 479 8500
Facsimile: +1 216 479 8780

Attorneys for Defendants
Cleveland Municipal School District Board of
Education, Dr. Barbara E. Walton-Poon,
Andrew J. Koonce, Kendra E. Holloway, and
Jeffrey S. Mazo

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Answer and Defenses to Plaintiffs' Second Amended Complaint* has been filed with the Court this 1st day of December 2020. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Colin R. Jennings*
One of the Attorneys for CMSD Defendants