**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN DOE 1, et al.,** | ) | CASE NO. 1:20-cv-01695 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE PHILIP J. CALABRESE |
| vs. | ) | |
| | ) | |
| **THE CLEVELAND METROPOLITAN** | ) | **PLAINTIFFS' BRIEF IN** |
| **SCHOOL DISTRICT BOARD OF** | ) | **OPPOSITION TO DEFENDANTS'** |
| **EDUCATION, et al.,** | ) | **MOTION TO DISMISS** |
| | ) | **PLAINTIFFS' SECOND AMENDED** |
| Defendants. | ) | **COMPLAINT** |
| | ) | |
| | ) | |
| | ) | |

Now come Plaintiffs, John Does 1-8, by and through undersigned counsel, and hereby submits their Brief in Opposition to Defendants' Motion to Dismiss. Plaintiffs assert that Defendants' Motion to Dismiss must be denied. This Brief in Opposition is supported by the attached Memorandum in Support, attached hereto and fully incorporated herein.

Respectfully submitted,

*/s/ Kyle B. Melling*

**RYAN H. FISHER (0043799)**
**KYLE B. MELLING (0091208)**
Lowe Eklund Wakefield Co., L.P.A.
1660 West Second Street
610 Skylight Office Tower
Cleveland, OH 44113-1454
(216) 781-2600
(216) 781-2610 *Facsimile*
RFisher@lewlaw.com
KMelling@lewlaw.com
*Attorneys for Plaintiff*

i

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ ii

TABLE OF AUTHORITIES ....................................................................................... iii

Memorandum in Support ............................................................................................. 1

I.   Introduction ......................................................................................................... 1

II.   Statement of Facts .............................................................................................. 1

III.   Law and Argument ............................................................................................ 4

   A.   Plaintiffs' Claims are Not Time Barred ....................................................... 6

   B.   Defendants Cannot Show that Plaintiffs' Claims against Defendant BOE for Its Role in Causing Their Harassment and Abuse are Time-Barred ......................................................... 12

      1.   A Claim Does Not Accrue Until a Plaintiff Knows or Should Have Known of His Injury and the Defendants' Role in Causing that Injury .............................................. 12

      2.   Defendant BOE Cannot Show That Any of the Plaintiffs Knew or Should Have Known Before This Year That Defendant BOE Facilitated, Permitted, or was Deliberately Indifferent to Terence Greene's Sexual Abuse ..................................................... 16

   C.   State Law Claims ........................................................................................ 17

      1.   The Individual Defendants are Not Immune .................................................. 17

      2.   Plaintiffs Have Sufficiently Plead Their Claims ........................................... 19

IV.   Conclusion ....................................................................................................... 20

# TABLE OF AUTHORITIES

## Cases

*Adams v. Ohio Univ.*, 300 F.Supp.3d 983 (S.D. Ohio 2018) ........................................... 7

*Alexander v. Davis*, 282 F.Supp.2d 609 (W.D. Mi. September 22, 2003) .................................. 10

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ...................................................................... 19

*Ault v. Jasko*, 70 Ohio St.3d 114, 637 N.E.2d 870 (1994) ............................................... 6

*BAC Home Loans Serving LP v. Fall Oaks Farm LLC*, 848 F.Supp. 2d 818 (S.D. Ohio 2012).... 4

*Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955 (2007) ................................................. 20

*Bishop v. Children's Center for Developmental Enrichment*, 618 F.3d 533 (6th Cir. 2010). 13, 14

*Bougher v. University of Pittsburgh*, 882 F.2d 74 (3rd Cir. 1989) ...................................... 7

*Bourdais v. New Orleans City*, 485 F.3d 294 (5th Cir. 2007) ........................................... 7

*Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250 (1980) ............................................... 2

*Browning v. Burt*, 613 N.E.2d 993 (Ohio 1993) ........................................................ 15

*Cataldo v. U.S. Steel Corp.,* 676 F.3d 542 (6th Cir. 2012) ........................................... 5

*City of Aurora, Colorado v. Bechtel Corp.*, 599 F.2d 382 (10th Cir. 1979) .............................. 5

*Collyer v. Darling*, 98 F.3d 211 (6th Cit. 1996) ...................................................... 7

*Courtright v. City of Battle Creek*, 839 F.3d 513 (6th Cir. 2016) ..................................... 4

*Dayco Corp. v. Goodyear Tire & Rubber Co.,*, 523 F.2d 389 (6th Cir. 1975) ............................ 14

*Fonseca v. Consol Rail Corp.*, 246 F.3d 585 (6th Cir. 2001) .......................................... 14

*Fudge v. Watson*, 2013 WL 496017 (N.D. Ohio February 7, 2013) ......................................... 7

*Hicks v. Hines Inc.*, 826 F.2d 1543 (6th Cir. 1987) .................................................. 14

*In re Arctic Exp. Inc.*, 636 F.3d 781 (6th Cir. 2011) ............................................. 15, 17

*In re Nat'l Prescription Opiate Litig.*, No. 1:17-MD-2804, (N.D. Ohio Sept. 4, 2019) .............. 14

*K.E. v. Dover Area Sch. Dist.*, 2017 WL 4347393 (M.D. PA September 29, 2017) ............. 11, 12

*Kehoe Comp. Sales Inc v. Best Lighting Prods., Inc.*, 933 F.Supp.2d 974 (S.D. Ohio 2013) 15, 17

*Lillard v. Shelby Cty. Bd. Of Educ.,*, 76 F.3d 716 (6th Cir. 1996) ............................................. 7, 8

*Lutz v. Chesapeake Appalachia, L.L.C.,* 717 F.3d 459 (6th Cir. 2013) ......................................... 5

*Lutz v. Chesapeake Appalachia, LLC*, 717 F.3d 459 (6th Cir. 2013) ....................................... 5, 14

*McCloud v. Testa,* 97 F.3d 1536 (6th Cir. 1996) ........................................................................ 10

*Molnar v. City of Greene*, 140 N.E.3d 1208 (9th Dist. 2019) ....................................................... 18

*Nat'l Credit Union Admin. Bd. V. Jurcevic*, 867 F.3d 616 (6th Cir. 2017) .................................... 5

*Owens v. Okure*, 448 U.S. 235 (1989) ................................................................................... 10, 11

*Owner Op. Indep. Drivers Ass'n, Inc. v. Comerica*, 540 F.Supp.2d 925 (S.D. Ohio 2008) ......... 14

*Payne v. Tennessee*, 501 U.S. 808 (1991) .................................................................................... 10

*Pinney Dock & Transp. Co. v. Penn Cent. Corp.* 838 F.2d 1445 (6th Cir. 1988) ........................ 14

*Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001) ...................................................... 14

*Ricco v. Potter*, 377 F.3d 599 (6th Cir. 2004) ......................................................................... 5, 19

*S.A.S. v. Wellington School*, 2020-Ohio-4478 (10th Dist.) ....................................................... 9, 12

*Sowers v. Bradford Area Sch. Dist.*, 694 F.Supp. 125 (W.D. Pa. 1988) ...................................... 15

*Spragling v. Akron Pub. Sch.,* 2019 WL 1255215 (N.D. Ohio Mar. 19, 2019) ..................... 10, 11

*T.R. v. Boy Scouts of Am.*, 181 P.3d 758 (Or. 2008) .................................................................... 15

*Tackett v. Marion Cty. Fair Bd.*, 272 F.Supp. 2d 686 (6th Cir. 2003) ........................................ 14

*United States v. Kubrick*, 444 U.S. 111 (1979) ........................................................................... 14

*Vagas v. City of Hudson*, 2009-Ohio-6794 (9th Dist. 2009) ....................................................... 18

*Viney v. Jenkintown School Dist.*, 51 F.Supp. 3d 553 (E.D. Pa. 2014) ...................................... 12

*Walburn v. Lockheed Martin Util. Servs., Inc.*, 443 F.App'x 43 (6th Cir. 2011) ........................... 5

*Watkins v. Dept. of Youth Servs.*, 143 Ohio St.3d 477 (2015) .......................................... 6, 8, 9, 12

**Statutes**

20 U.S.C. § 1681(a) ............................................................................................................ 7

20 U.S.C. §1681 ............................................................................................................. 7, 13

34 C.F.R. § 106.71 ............................................................................................................ 8

42 USC §1983............................................................................................................. 12, 13

PA ST 42 Pa.C.S.A. § 5533 ............................................................................................. 13

R.C. § 2151.421 .............................................................................................................. 21

R.C. § 2744 ............................................................................................................... 20, 21

R.C. §2305.10 ................................................................................................... 8, 9, 15, 19

R.C. 2305.111 ........................................................................................................ *passim*

Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 ..................................... *passim*

<u>**MEMORANDUM IN SUPPORT**</u>

## I.     INTRODUCTION

For more than fourteen years, Defendant Terence Greene had unfettered and unsupervised access to countless minor male students whom he preyed upon as a repeat sexual predator. He would manipulate the young minds of his students, wielding his power as a popular and well-known choreographer to sexually harass and abuse them. Since at least 2002, his employer, Cleveland School of the Arts, and its administrators were aware of allegations that Terence Greene sexually abused his minor students. Despite this knowledge, Cleveland School of the Arts allowed Greene to continue to harass and abuse his students without consequence.

The instant case involves eight of Greene's victims (though there are several more) who were abused by Greene between 2008 and 2014. Recently, in June 2020, one of those victims, John Doe 4, was brave enough to share his abuse with members of the Cleveland School of the Arts Alumni Community on Facebook. It was only then that Plaintiffs in this case learned that they were not Terence Greene's only victims. Worse, it was only then that these victims learned that prior to their own assaults, their school and its administrators knew that Greene had been accused of sexual assault but failed to investigate or protect them from Greene's repeated vicious assaults.

## II.    STATEMENT OF FACTS

The Cleveland School of the Arts is a public school that operates under the Defendant Cleveland Municipal School District Board of Education ("BOE"). Defendant Terence Greene ("Greene") was a teacher at The Cleveland School of the Arts ("CSA") from 1999 through his resignation in 2014. (SAC at ¶3, 11, 73-75, 99). Greene was not a credentialed teacher, but instead was hired as an "artist in residence" so he could teach without the state required teaching credentials at CSA. (SAC at ¶¶73-75).

1

Plaintiffs John Does 1-8 were all students at CSA between the years 2006 and 2012. (SAC at ¶¶40-47). During all relevant times, Individual Defendant Barbara E. Walton (Principal) and Individual Defendants Andrew Koonce, Kendra Holloway, and Jeffrey Mazo (Vice Principals) were employed by CSA (collectively "Individual Defendants"). (SAC at ¶¶36-37).

In 2002, a CSA student reported first to the City of Cleveland AIDS task force, and then to Cleveland Police, that he was repeatedly raped and sexually assaulted by Greene. (SAC at ¶¶99-103). The assaults occurred at Greene's home and on a CSA sponsored trip to Dayton Ohio, where the student was forced to share a hotel room with Greene for several days ("2002 incident"). (SAC at ¶¶99-103). Defendant Greene was indicted on four counts of unlawful sexual conduct with a minor. (SAC at ¶101). After his indictment, Defendant Greene took a leave of absence from CSA during his criminal prosecution. (SAC at ¶105). At the criminal trial, administrators from CSA and students from CSA testified in support of Greene and on his behalf. (SAC at ¶107).

The student victim testified at Greene's criminal trial as to the specific details of his repeated assaults, including graphic descriptions of the sex acts involving Greene, a detailed description of Greene's home and bed linens, the artwork in Greene's bedroom, and a physical description of Greene's penis and a tattoo. (SAC at ¶102-103). Administrators from CSA, including the Individual Defendants, were aware of the allegations reported to the police and testified to by the student. (SAC at ¶107). Despite this knowledge, no one from CSA, including the Individual Defendants, ever conducted a Title IX investigation or any investigation of the allegations. (SAC at ¶108-114).

In Ohio, the standard of proof in a criminal proceeding is proof of guilt beyond a reasonable doubt. *Brown v. Executive 200, Inc*., 64 Ohio St.2d 250 (1980). At his criminal bench trial, the trial judge found that the state did not satisfy the "beyond a reasonable doubt" standard on its charges against Greene, and he was acquitted. (SAC at ¶105). Greene immediately returned to his position

of teaching at CSA. (SAC at ¶106). No investigation was ever completed by anyone at CSA, or by any Defendant BOE employee or agent. (SAC at ¶¶108, 111). No one from CSA, including the Individual Defendants, ever even spoke with the student victim or any other CSA student about the allegations. (SAC at ¶¶108-116). Following Greene's acquittal, with full knowledge of the 2002 incident allegations against him, Defendant BOE and the Individual Defendants allowed Greene to have unfettered, unsupervised access to students, including John Does 1-8, allowed Greene to continue sharing hotel rooms with students on school sponsored out of town trips, allowed Greene to regularly be alone with CSA students in the boys dance dressing room at CSA, allowed Greene to regularly drive students to his home, and took no corrective or protective measures to ensure that no other students were sexually abused by Greene. (SAC at ¶¶106-115, 128-147, 148-159, 167-176).

Between the years 2008 and 2012, Plaintiffs John Does 1-8 were all students at CSA. (SAC at ¶¶35, 40-47). Plaintiffs were all sexually assaulted by Greene while he was a teacher for CSA, on the property of CSA, at Greene's personal homes, in Greene's automobile, and on school sponsored and related school trips. (SAC at ¶¶58-72). All of these assaults occurred after Greene's criminal prosecution, after all Defendants were aware of the allegations against Greene of sexual abuse of a minor, and prior to any Defendant investigating or engaging in any prophylactic measure to protect students from Defendant Greene. (SAC at ¶¶40-47, 58-72, 75, 108-116, 128-147).

In June 2020, Plaintiff John Doe 4 posted on a Facebook Page his story of Greene's sexual assaults against him. (SAC at ¶93). Shortly thereafter, in the comments of the Facebook post, Plaintiffs John Doe 1 and John Doe 2 posted similar stories about Greene. (SAC at 95). Prior to these Facebook posts, none of the Plaintiffs knew that there were other victims of Greene, or that any of the Defendants had concealed and/or remained deliberately indifferent to the substantial risk that Defendant Greene posed to CSA students, or that other reports, including the criminal

indictment of Defendant Greene that caused Greene to take a leave of absence from CSA, had occurred prior to their own assaults. (SAC at ¶¶30-33, 93-98).

## III.  LAW AND ARGUMENT

### Plaintiffs' Title IX Claims

Plaintiffs alleged that Defendant BOE violated Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX") in two ways. First, that Defendant acted with deliberate indifference to rampant sexual abuse and harassment that Plaintiffs and other male CSA students were experiencing, which substantially heightened the risk that the Plaintiffs and other students would be sexually harassed. Second, that Defendant BOE could have prevented their abuse by Defendant Greene, if Defendants had taken appropriate action after the 2002 incident.

### Plaintiffs' State Law Claims

Plaintiffs allege that Defendant BOE and individual Defendants Barbara Walton, Andrew Koonce, Kendra Holloway, and Jeffrey Mazo engaged in negligent, wanton and reckless conduct by failing to adhere to Ohio Law, by failing to protect Plaintiffs from Defendant Terence Greene, and in their hiring, training, and supervision of Defendant Terence Greene. Plaintiffs also allege a claim for intentional infliction of emotional distress against all Defendants.

### Standard of Review

In reviewing a motion to dismiss, the court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 517 (6th Cir. 2016). The court must determine "whether the factual allegations present a plausible claim." *BAC Home Loans Serving LP v. Fall Oaks Farm LLC*, 848 F.Supp. 2d 818, 821 (S.D. Ohio 2012). For a claim to be considered plausible, the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 822. This is a low bar. "[A]

4

Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004).

Generally, Rule 12(b)(6) is an "inappropriate vehicle for dismissing a claim based upon the statute of limitations" because "a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim." *Cataldo v. U.S. Steel Corp.,* 676 F.3d 542, 547 (6th Cir. 2012). Dismissal is only warranted if "the allegations in the complaint affirmatively show that the claim is time-barred." *Id*; *see also Walburn v. Lockheed Martin Util. Servs., Inc.*, 443 F.App'x 43, 47 (6th Cir. 2011)(noting the facts must be "definitely ascertainable from the pleadings and conclusively establish the affirmative defense").

"Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run, and if the defendant meets this requirement then the burden shifts to the plaintiff to establish an exception to the statute of limitations." *Lutz v. Chesapeake Appalachia, L.L.C.,* 717 F.3d 459, 464 (6th Cir. 2013). To prove the statute of limitations has run, a defendant must establish when the plaintiff's claims accrued. *See Nat'l Credit Union Admin. Bd. v. Jurcevic*, 867 F.3d 616, 625 (6th Cir. 2017)("It was [defendant's] burden to show that the [plaintiff] should have discovered his fraudulent conduct before the relevant time period, not the [plaintiff's] burden to plead around the possibility.").

### Argument

"To say to one who has been wronged, 'You had a remedy, but before the wrong was ascertainable to you, the law stripped you of your remedy,' makes a mockery of the law." *City of Aurora, Colorado v. Bechtel Corp.*, 599 F.2d 382, 387-88 (10th Cir. 1979). The Plaintiffs here did not know they had been wronged by Defendant BOE and the other individual Defendants until just this year. Only this year did Plaintiffs learn that Defendant Terence Greene's sexual abuse was

rampant, and that Defendant BOE knew of the sexually hostile environment created by Terence Green, and yet did nothing to stop him. Only this year did Plaintiffs learn that their alma mater, that they are so proud of, could have prevented their abuse but chose not to do so. It was only this year, therefore, that Plaintiffs' Title IX claims against Defendant BOE accrued. Accordingly, even if Plaintiffs' claims were subject to a two-year statute of limitations, which Plaintiffs argue is not the case, the time limit to assert those claims is nowhere near expired.

Further, Plaintiffs' claims are not subject to a two-year statute of limitations. In response to the Ohio Supreme Court decision in *Ault v. Jasko*, 70 Ohio St.3d 114, 637 N.E.2d 870 (1994)*,* the Ohio Legislature passed Am.Sub.S.B. No. 17 in 2006 which substantially rewrote Ohio R.C. 2305.111. *Watkins v. Dept. of Youth Servs.*, 143 Ohio St.3d 477 (2015). The revised 2305.111(C) expanded the limitations period for claims arising out of childhood sexual abuse to 12-years from the date the victim reaches the age of majority. *Id*. Leaving no doubt, the Ohio Supreme Court in *Watkins* confirmed that this new 12-year statute of limitations applied to **any claim** a victim had arising out of his or her childhood sexual abuse against any individual or entity. *Id.* Here, all of Plaintiffs claims arise out of their childhood sexual abuse, and accordingly, the 12-year statute of limitations applies.

To succeed on its motion to dismiss, Defendant BOE would have to conclusively demonstrate that Plaintiffs' allegations themselves affirmatively show that their claims are time-barred. It simply cannot do so. Its motion, therefore, should be denied.

### A.     Plaintiffs' Claims are Not Time Barred

Plaintiffs' Counts I and II are brought against Defendant BOE pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq.* Title IX provides, in relevant part, that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any education program or activity

receiving federal financial assistance." 20 U.S.C. § 1681(a). Defendants, in their Motion to Dismiss, argue that Plaintiffs' Title IX claims are barred by the statute of limitations.

Title IX itself does not provide a statute of limitations. 20 U.S.C. §1681. When a federal statute does not contain an applicable statute of limitations, federal courts consistently have found that it "should select the same statute of limitations that a state court would apply in an analogous situation." *Fudge v. Watson*, 2013 WL 496017 (N.D. Ohio February 7, 2013); *Bourdais v. New Orleans City*, 485 F.3d 294 (5th Cir. 2007); *Collyer v. Darling*, 98 F.3d 211 (6th Cit. 1996).

Defendants argue that the two-year personal injury statute in Ohio, R.C. §2305.10, should apply to Plaintiffs' claims, citing *Adams v. Ohio Univ.*, 300 F.Supp.3d 983, 996 (S.D. Ohio 2018), and *Lillard v. Shelby Cty. Bd. Of Educ.*, 76 F.3d 716, 729 (6th Cir. 1996). Neither *Adams* or *Lillard* are applicable to the case at hand. In *Adams,* the court found that the underlying harm in the plaintiffs' complaint was sexual harassment that occurred against them within two years prior to when they filed their complaint. Accordingly, the court did not conduct an analysis of the appropriate state law statute of limitations. *Id*.

*Lillard v. Shelby County Bd. Of Educ*, decided in 1996, presented the issue of which statute of limitations should apply to a Title IX action: the Tennessee one-year statute for personal injury claims, or the 180-day limitations period adopted by 34 C.F.R. § 106.71 for the time in which administrative proceedings must be filed. In *Lillard*, the court leaned on the Third Circuit opinion in *Bougher v. University of Pittsburgh*, 882 F.2d 74, 77 (3rd Cir. 1989).

> The regulatory scheme for federal administrative review of an educational institution's compliance with Title IX is not the applicable standard to determine whether a judicial proceeding to enforce rights under Title IX has been initiated in a timely manner. "The practice difficulties facing an aggrieved person who invokes administrative remedies are strikingly different," from the difficulties which face an aggrieved person seeking judicial relief. **We therefore must "borrow" the statute of limitations in the cause of action <u>most similar to the plaintiff's Title IX claim</u>.**

*Id.* at 77. (emphasis added).

In *Lillard*, upon analysis of the possible applicable Tennessee state law statute of limitations, the Court found that the one-year personal injury statute of limitations was the most applicable. Notably, *Lillard* was decided in 1996, when the one-year statute for personal injury claims was the *only* possible applicable statute of limitations available to the plaintiff at the time. *Id*. The court had no other analogous state statute of limitations to choose from. Here, this is not the case.  In 2006, Ohio enacted a revised version of R.C. 2305.111(C), which states in pertinent:

> (C) An action for assault or battery brought by a victim of childhood sexual abuse based on childhood sexual abuse, or an action brought by a victim of childhood sexual abuse asserting any claim resulting from childhood sexual abuse, shall be brought within twelve years after the cause of action accrues. For purposes of this section, a cause of action for assault or battery based on childhood sexual abuse, or a cause of action for a claim resulting from childhood sexual abuse, accrues upon the date on which the victim reaches the age of majority. . . .

In 2015, the Ohio Supreme Court  considered whether R.C. 2305.111(C) only applied to claims against the individual who committed the childhood sexual abuse, or whether the 12-year statute also applied to claims made against public or private tort-feasors also liable for the sexual abuse. In *Watkins v. Dept. of Youth Servs.*, 143 Ohio St.3d 477 (2015) the court wrote:

> In S.B. 17, the General Assembly made it clear that R.C. 2305.111 applies without limitation to all civil actions filed on or after August 3, 2006, the effective date of the act. The bill not only amended R.C. 2305.111, but also amended R.C. 2305.10(E) to read, "An action brought by a victim of childhood sexual abuse asserting *any* claim resulting from childhood sexual abuse, as defined in section 2305.111 of the Revised Code, shall be brought as provided in division (C) of that section." (Emphasis added.) *Id.* at 1127. We read that sentence as starkly as it is written, i.e., that *any* claim resulting from childhood sexual abuse as statutorily defined—without exception and without regard to whether the tortfeasor was a private or state actor—must be brought as provided in R.C. 2305.111(C).

> Further, uncodified Section 3(B) of S.B. 17 reads:

> > The amendments to section 2305.111 of the Revised Code made in this act shall apply to *all* civil actions for assault or battery brought by a victim of childhood sexual abuse  based  on  childhood sexual abuse * * * [and] to *all* civil actions brought by a victim of childhood sexual abuse for a claim resulting from childhood sexual abuse * * *.

8

(Emphasis added.) 151 Ohio Laws, Part I, 1181. Again, in that section, the General Assembly allows for no distinction between public and private tortfeasors: R.C. 2305.111(C) applies to *all* claims. "Any" means any, and "all" means all.

Moreover, by including the conduct of state actors in R.C. 2305.111's definition of childhood sexual abuse, the state has manifested its intent that claims against state actors are governed by the 12–year limitations period set forth in division (C) of that statute.

*Watkins v. Dep't of Youth Servs.*, 2015-Ohio-1776, ¶¶ 16-17, 143 Ohio St. 3d 477, 481, 39 N.E.3d 1207, 1210–11

Moreover, the Tenth District Court of Appeals in Ohio recently confirmed that R.C. 2305.111 (C) was intended to encompass "any" claims "resulting from" childhood sexual abuse, not only including claims against the "actor" who committed the childhood sexual abuse, "but also against other defendants, potentially including related institutions, that are alleged to have violated a duty to the claimed victim in a way that makes them liable for harms resulting from the alleged abuse." *S.A.S. v. Wellington School*, 2020-Ohio-4478 (10th Dist.). Here, Plaintiffs allegations are that Defendant BOE violated its duties pursuant to Title IX and thus are liable for the harms resulting from their alleged abuse. (SAC. at ¶¶118-147). Revised Code § 2305.111(C) clearly provides the statute of limitations that an Ohio state court would apply in an analogous situation. *Watkins, supra; S.A.S., supra.* Accordingly, these claims are subject to R.C. 2305.111(C), and therefore carry a 12-year statute of limitations.

Plaintiffs' recognize that, to date, the Sixth Circuit has not opined whether the 12-year statute of limitations found in R.C. 2305.111(C) should be the appropriately borrowed statute of limitations for Title IX cases. However, given the long-standing precedent in federal court of borrowing the most closely analogous state law statute, it is the Plaintiffs' position that this statute is now R.C. 2305.111(C). This proposition is supported by the case law from the Ohio Supreme Court, and other Ohio Appellate Courts. *See e.g.*, *S.A.S. v. Wellington*; *Watkins, supra;*

In their Motion to Dismiss, Defendants urge this Court to follow the unpublished opinion issued by this Court in *Spragling v. Akron Pub. Sch.,* No. 5:18CV1969, 2019 WL 1255215 (N.D. Ohio Mar. 19, 2019). In *Spragling* the Court found that the two-year Ohio personal injury statute of limitations applied to all of Plaintiffs' claims, relying in part on the Sixth Circuit decision in *Lillard*. Importantly, *Spragling* is not binding precedent on this court, both as it is a U.S. District Court Decision, and therefore persuasive, but also as it is an unpublished decision. "An unpublished decision in this circuit is not binding such that it does not create a conflict with a published, binding decision." *Alexander v. Davis*, 282 F.Supp.2d 609 (W.D. Mi. September 22, 2003), *vacated on other grounds*; *see also*, *McCloud v. Testa,* 97 F.3d 1536, 1559 n. 36 (6th Cir. 1996); *see also Payne v. Tennessee*, 501 U.S. 808, 827 (1991)(holding "*[s]tare decisis* is not an inexorable command.").

In *Spragling*, the plaintiffs brought claims under both 42 USC §1983, and Title IX. There, the Court's primary focus and analysis was on whether R.C. 2305.111 (C) should apply to Plaintiff's §1983 claims, and thus expand the statute of limitations for §1983 cases. Relying on United States Supreme Court precedent in *Owens v. Okure*, 448 U.S. 235, 240-41 (1989), the court found that "a State's personal injury statute of limitations should be applied to *all* §1983 claims." *Id*. Indeed an argument exists that the Supreme Court has established a Statute of Limitations for §1983 claims. *Owens, supra.* The same decision has not been reached by the Supreme Court or the Sixth Circuit for Title IX claims as the only Sixth Circuit precedent is found in *Lillard*. As described above, in *Lillard* the court was not debating whether Ohio Revised Code Section 2305.111(C) was the most closely analogous state law statute of limitations in a childhood sexual assault claim brought under Title IX. Instead, the *Lillard* court was deciding whether a Tennessee codified statute of limitations, or a federal administrative time limit found in the Code of Federal Regulations should set the limitations period for bringing a Title IX claim. *Lillard*, *supra.*

Further, the *Spragling* decision conducts no analysis on the issue of whether the revised R.C. 2305.111 (C) should be considered in determining which statute of limitations should apply. *Spragling, supra.* Instead the *Spragling* court, without analysis or explanation, merely accepted that the two-year Statute of Limitations found in R.C. 2305.10 was the only statute it could consider. Plaintiff's urge this court to reconsider the *Spragling* decision and recognize that *Lillard* does not mandate the use of a State's personal injury statute of limitations in deciding Title IX actions in the same way the Supreme Court did for §1983 cases. *Owens,* 448 U.S. at 240. Instead, *Lillard* set the standard that the court should look to state laws for statute of limitations in a Title IX action, as opposed to 34 CFR §106.71. Consistent with the requirement from *Lillard* to borrow a state law statute of limitations, R.C. 2305.111(C) is undoubtedly the statute that is most closely analogous to Plaintiffs claims and is the proper statute to borrow.

Plaintiffs' argument is not unprecedented. Recently, the Middle District of Pennsylvania was presented with a similar question in *K.E. v. Dover Area School District*, 2017 WL 4347393; 1:15-CV1634 (M.D. PA September 29, 2017). In *K.E.* the Plaintiff brought civil rights claims pursuant to 42 U.S.C. § 1983 and Title IX, 20 U.S.C. § 1681(a) against her former school district, intermediate unit, and teacher based on abuse that she had suffered as a minor at the hands of her teacher. In *K.E.* Defendants argued that Pennsylvania's two-year statute of limitations for personal injury actions barred the plaintiff's claims, as she was 26 years old at the time that she brought her claims. Similar to Ohio, however, Pennsylvania has a separate 12-year statute of limitations for victims of childhood sexual abuse:

> (i) If an individual entitled to bring a civil action arising from childhood sexual abuse is under 18 years of age at the time the cause of action accrues, the individual shall have a period of 12 years after attaining 18 years of age in which to commence an action for damages regardless of whether the individual files a criminal complaint regarding the childhood sexual abuse.

PA ST 42 Pa.C.S.A. § 5533

Similar to the challenges to the Ohio statute in *Watkins* and *S.A.S.,* the defendants in *K.E.* argued that the Pennsylvania statute only applied to claims against the individuals who perpetrated the abuse, not third parties who facilitated or failed to intervene. The Court rejected this assertion, citing *Viney v. Jenkintown School Dist.*, 51 F.Supp.3d 553 (E.D. Pa. 2014).

> We reject defendants' argument. Section 5533 does not place a specific limitation on the type of defendant against whom the tolling provision applies. . . . In *Viney*, a former student brought constitutional claims against a school district based on its failure to investigate abuse she suffered while a minor. The school district raised the same defense the District submits herein, to wit: that the two-year statute of limitations bars plaintiff's claims because the infancy tolling statute does not apply to third party defendants. The court rejected this defense, stating that the key language in the infancy tolling statute describing claims that are tolled—"a civil action arising from childhood sexual abuse"—merely identifies that a causal connection must exist between the civil action and the childhood sexual abuse.

*K.E.*, 2017 WL 4347393 at *4.

Similarly here, Plaintiffs' allegations in their amended complaint are that Defendant BOE failed to promptly and properly investigate, remedy and adequately respond to complaints, allegations, reports and rumors of Defendant Terence Greene's sexual misconduct, and as a result, Plaintiffs were made to become victims of childhood sexual abuse. (SAC. at ¶¶118-147). There is no question that Plaintiffs' Title IX claims against Defendant BOE arise out of their childhood sexual assaults. Accordingly, as Title IX does not have an applicable statute of limitations, the most closely analogous Ohio state law statute must be borrowed. R.C. 2305.111 (C) contains the most closely analogous Ohio state law statute, which is 12-years from the date in which Plaintiffs reach the age of majority.

## B. Defendants Cannot Show that Plaintiffs' Claims against Defendant BOE for Its Role in Causing Their Harassment and Abuse are Time-Barred

### 1. A Claim Does Not Accrue Until a Plaintiff Knows or Should Have Known of His Injury and the Defendants' Role in Causing that Injury

Defendants, in an attempt to avoid any liability, assert that all federal claims are time-barred by the applicable statute of limitations. As discussed above, all claims asserted by Plaintiffs

are governed by the 12-year statute of limitations presented in R.C. 2305.111 (C). However, even if the two-year statute of limitations found at R.C. 2305.10 does apply to any of Plaintiff's claims, they are still not time barred, as their claims were tolled.

In their Motion to Dismiss, Defendants assert only that Plaintiffs have failed to plead sufficient facts to toll the statute of limitations under the fraudulent concealment doctrine. Indeed, Plaintiffs have not alleged any facts to support a claim of fraudulent concealment, because any such facts, if they exist, are unknown to Plaintiffs and would only be known to Defendants[1]. However, Defendants have only asserted a defense that Plaintiffs have not sufficiently plead the elements of fraudulent concealment. This is not the only manner by which the applicable statute of limitations could be tolled[2].

"The general federal rule is that the statute of limitations begins to run when the reasonable person knows, or in the exercise of due diligence should have known, both his injury and the cause of that injury." *Bishop v. Children's Center for Developmental Enrichment*, 618 F.3d 533, 536 (6th Cir. 2010). Interestingly, similar to how the Defendants completely ignore the 12-year statute of limitations presented in R.C. 2305.111, here the Defendants also completely ignore the existence of the federal accrual rule, choosing instead to focus only on whether or not there was fraudulent concealment on the part of Defendants. No mention whatsoever was made in Defendants' Motion to Dismiss of the federal accrual rule.

Under the federal accrual rule, a statute of limitations does not begin running until the plaintiff knows both "(1) [t]he existence of the injury;" *and* "(2) the connection between the injury and the defendant's actions." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001);

---

[1] Should such facts avail themselves in discovery, Plaintiffs' will certainly seek leave to amend their complaint accordingly.
[2] If the 12-year statute of limitations contained in R.C. 2305.111 (C) applies, an argument exists that the language of the statute requires fraudulent concealment on the part of the defendant in order to toll the statute. However, no such requirement exists in the personal injury statute of limitations found at R.C. 2305.10.

*see also United States v. Kubrick*, 444 U.S. 111, 122 (1979) (statute of limitations in Federal Tort Claims Act action accrues once plaintiff discovers both the fact of his injury and its cause); *Tackett v. Marion Cty. Fair Bd.*, 272 F.Supp.2d 686, 689 (6th Cir. 2003) (applying *Kubrick's* two-pronged inquiry to civil rights claims); *Owner Operator Indep. Drivers Ass'n, Inc. v. Comerica Bank*, 540 F.Supp.2d 925, 932 (S.D. Ohio 2008) (holding that when a claim is federal in nature, the federal rules of claim accrual apply, even when the governing statute of limitations is borrowed).

Defendants completely ignore the existence of the federal accrual rule, asserting only that Plaintiffs' failed to plead fraudulent concealment with particularity. In support of this, Defendants cite cases only addressing statute tolling on the basis of fraudulent concealment and indeed, in the concluding sentence of the statute of limitations section of their brief, states only that Plaintiffs failed to plead the elements of fraudulent concealment. *See Lutz v. Chesapeake Appalachia, LLC*, 717 F.3d 459, 475 (6th Cir. 2013); *In re Nat'l Prescription Opiate Litig.*, No. 1:17-MD-2804, (N.D. Ohio Sept. 4, 2019); *Dayco Corp. v. Goodyear Tire & Rubber Co.*,, 523 F.2d 389, 394 (6th Cir. 1975); *Pinney Dock & Transp. Co. v. Penn Cent. Corp.* 838 F.2d 1445, 1472 (6th Cir. 1988).

Here, there is no question that the federal rules of claim accrual apply. It is well established that a claim does not necessarily occur when the injury occurs. It occurs when a plaintiff *knew*, or should have known, of the injury *and* the defendant's role in causing that injury. *See Bishop*, 618 F.3d at 536-37, *Tackett*, 272 F.Supp. 2d at 689; *Fonseca v. Consol Rail Corp.*, 246 F.3d 585, 590 (6th Cir. 2001); *Hicks v. Hines Inc.*, 826 F.2d 1543, 1544 (6th Cir. 1987).

There are two Federal Title IX claims alleged by Plaintiffs. First, Plaintiffs claim that Defendant BOE knew that Terence Green sexually harassed students and yet did nothing to stop this harassment from continuing and as a result of this deliberate indifference, the Plaintiffs were made to suffer additional and continued sexual attacks and harassment by Terence Greene. (SAC at ¶¶118-136). Second, Plaintiffs claim that Defendant BOE's creation of, and deliberate

indifference to, the sexually hostile environment that existed under Terence Greene substantially increased the risk that Plaintiffs and other students would be sexually harassed or assaulted. (SAC at ¶¶137-147).

Neither of these claims accrued when Plaintiffs were sexually abused. They accrued when Plaintiffs (1) *knew* or should have known that they were abused *and* (2) knew or should have known of Defendant BOE's role in causing that abuse. *Sowers v. Bradford Area Sch. Dist.*, 694 F.Supp. 125, 132 (W.D. Pa. 1988), *aff'd*, 869 F.2d 591 (3d Cir. 1989) (vacated on other grounds) (denying motion to dismiss on statute of limitations grounds because Factual questions remained as to whether student knew or should have known school district caused student's injury); *T.R. v. Boy Scouts of Am.*, 181 P.3d 758 (Or. 2008)("[T]he limitations period begins to run as to each defendant when the plaintiff discovers, or a reasonable person should have discovered, *that defendant's* causal role.") (emphasis added); *see also Browning v. Burt*, 613 N.E.2d 993, 1005 (Ohio 1993)(holding under state accrual rule that statute of limitations for medical malpractice claim against hospital—as opposed to doctor—didn't start running until plaintiffs saw TV program and learned that their doctor "may have committed a number of harmful . . . surgeries upon a number of unsuspecting patients" such that the hospital's credentialing practices "could reasonable be brought into question").

The question of what a plaintiff knew, or should have known, is a fact-intensive inquiry ordinarily "reserved for the jury except when the facts are so clear that reasonable minds cannot differ." *In re Arctic Exp. Inc.*, 636 F.3d 781 (6th Cir. 2011), *see also Kehoe Component Sales Inc v. Best Lighting Prods., Inc.*, 933 F.Supp.2d 974, 1016 (S.D. Ohio 2013)("[T]he determination of when a cause of action accrues is to be decided by the trier of fact."). On a motion to dismiss, the facts are limited only to those pleaded in the complaint. Thus, to succeed on its motion, Defendant BOE must demonstrate that, based on the allegations in the complaint alone, no reasonable juror

15

could find that the Plaintiff's were unaware of their abuse or Defendant BOE's role in that abuse until sometime within the last two years (assuming the two-year statute of limitations applies).

Defendant BOE cannot meet this burden. None of the Plaintiffs knew of Defendant BOE's role in causing their abuse until John Doe 4 posted his allegations on Facebook in June 2020, tagging Terence Greene in the post. (SAC at ¶ 89-92). It was this event that triggered the Plaintiffs' knowledge that they were not the only victim, thus triggering them to ascertain what, if anything, Defendant BOE knew about Defendant Greene's conduct. It was at this time, and not before, that Plaintiffs developed a reasonable basis to believe that Defendant BOE had knowledge that Defendant Greene was sexually abusing his students at CSA, and thus, only then did their Statute of Limitations[3] begin to run. (SAC ¶¶93-98).

> **2.    Defendant BOE Cannot Show That Any of the Plaintiffs Knew or Should Have Known Before This Year That Defendant BOE Facilitated, Permitted, or was Deliberately Indifferent to Terence Greene's Sexual Abuse**

Terence Greene abused Plaintiffs, but BOE made it possible. Defendant BOE knew of, but ignored, the sexually hostile culture that pervaded the dance program within its halls. Worse, it knew of and failed to investigate a prior criminal indictment of Greene for the 2002 incident. Defendant BOE's deliberate indifference allowed Greene to continue his harassment and abuse on more than seven underage and unwitting students, including Plaintiffs. Until June 2020, none of the Plaintiffs had any reason to know of the incredible breadth of Terence Greene's sexual abuse of his students or that they were not his only victims. (SAC at ¶¶93-98, 100-117). In June 2020, upon seeing John Doe 4's Facebook post, and subsequently learning of John Doe 1 and John Doe 2's similar assaults, Plaintiffs immediately engaged in the appropriate due diligence and learned that Defendant BOE was aware of Terence Greene's history of sexual abuse. Upon learning of that

---

[3] If the two-year statute of limitations found in R.C. 2305.10 applies as opposed to the 12-year statute of limitations asserted by plaintiffs in Section III(A).

history, and of Defendant BOE's knowledge and ratification of it, Plaintiffs' immediately acted and filed the instant suit. (SAC at ¶¶93-98; 100-117).

As is clear from all the cited cases, it would be improper and unjust at this early stage of litigation to dismiss this case as time barred. The issues of what should have alerted Plaintiffs to the possibility that Defendant BOE played a role in Greene's abuse, and whether an investigation by the Plaintiffs would have disclosed Defendant BOE's role, involve fact-intensive inquiries that are inappropriate for resolution on a motion to dismiss. *See In re Arctic Exp.*, 636 F.3d at 802; *Kehoe Component Sales*, 933 F.Supp.2d at 1016.

**C.      State Law Claims**

In addition to their Title IX claims against Defendant BOE, Plaintiffs have filed claims under state law against the Individual Defendants for negligent, wanton and reckless hiring, supervision and retention, and intentional infliction of emotional distress. Defendants argue that Defendants are all entitled to immunity pursuant to R.C. 2744.02 *et seq.*, which is simply untrue. Plaintiffs have sufficiently plead that each individual employee was wanton and reckless, removing their general grant of immunity pursuant to R.C. 2744.03(A)(6).

Finally, Defendants argue generally the Plaintiffs have failed to state a claim on all of their state law claims. As will be demonstrated below, this is false.

**1.      The Individual Defendants are Not Immune**

With respect to Plaintiffs' state law claims against the Individual Defendants, a plaintiff must plead a short and plain statement of the claims showing that he is entitled to relief, and "the complaint must . . . set forth operative facts to give the opposing party 'fair notice of the nature of the action.'" *Molnar v. City of Greene*, 140 N.E.3d 1208 (9th Dist. 2019); *Vagas v. City of Hudson*, 2009-Ohio-6794 (9th Dist. 2009).

The Individual Defendants may be liable for harm when they act in a wanton or reckless manner. R.C. § 2744.03(A)(6)(b). All of Plaintiffs' allegations against the Individual Defendants

contain allegations of wanton and reckless conduct. (SAC at ¶¶148-159; 167-170; 171-176). Wanton conduct is defined as the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result. *Anderson v. Massillon*, 134 Ohio St.3d 380 (2012). Reckless conduct is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct. *Id*. Here, the individual Defendants, with full knowledge of the 2002 incident, failed to conduct any investigation, failed to speak to the complaining student (or any other student), and failed to protect future students, including Plaintiffs, from Greene's deviant sexual behavior. (SAC at ¶¶40-46, 58-72, 75, 108-116, 128-147, 148-159, 167-176). Further, Defendants' wanton and reckless conduct is fully explained throughout the complaint, and includes but is not limited to: having actual and constructive knowledge of sexual abuse allegations against Defendant Greene; failing to take appropriate action as required by R.C. § 2151.421; failing to investigate allegations of sexual misconduct; ignoring evidence of Greene's predatory behavior; and failing to remove Defendant Greene from CSA, or at the very least, restrict his access to CSA students. (SAC at ¶¶153-159).

Defendants attempt to assert that there is no evidence of wanton or reckless conduct on the part of the individual defendants, because at the criminal trial of Defendant Greene, "CMSD students testified exclusively in Greene's defense. . .". (MTD at 12). Defendants state: "Plaintiffs plead no facts indicating that any Individual Defendant had evidence of Greene's alleged misconduct or reason to know about it." (MTD at 12). This is untrue. Plaintiffs allege that the victim of the 2002 incident also testified to the assault against him, as well as reported it to the police. (SAC at ¶¶99-104). During his criminal trial, Greene took a leave of absence from CSA specifically because of his criminal trial. (SAC ¶105-107). The administrators, including the individual defendants, were not only aware of the allegations against Greene, but in fact expressed

support at the criminal trial for Greene and against the victim. (SAC ¶108). Despite the allegations from the victim and the police investigation, none of the Individual Defendants conducted any investigation, and indeed, they never even reached out to or spoke to the victim who made the complaint against Greene. (SAC ¶107-108). Those Individual Defendants all had the authority to investigate the 2002 incident and to terminate Defendant Greene's access to students and/or to institute other corrective measures, yet failed to do so. (SAC ¶108-111).

Ignoring the complaining student in 2002, and continuing to ignore all evidence that Greene was engaged in inappropriate conduct from 1999 through 2014, are the exact failures of the Individual Defendants to exercise any care toward those to whom a duty of care is owed, and demonstrates their conscious disregard of a known risk that the definitions of wanton and reckless contemplate. *Anderson*, 134 Ohio St. at 388. To succeed on a motion to dismiss, defendants must show that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Ricco,* 377 F.3d at 602*.* Here, Defendants cannot do that and thus, Plaintiffs' claims should not be dismissed.

### 2. Plaintiffs Have Sufficiently Plead Their Claims

Defendants' assertions that Plaintiffs have not plead sufficient facts to support their claims are frivolous and should be discarded. As a threshold issue, under Federal Rule 8(a), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009); *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955 (2007). In as early as 2002, all Defendants were on notice that a student had accused Terence Greene of sexual assault. While Greene ultimately was acquitted under the criminal standard of "beyond a reasonable doubt," this acquittal did not change the duties owed by the Individual Defendants to determine if it was safe for Terence Greene to have unsupervised, unfettered access to underage students. The Defendants did nothing to protect CSA students and the Plaintiffs were

all sexually assaulted because of it. Any reasonable juror could conclude based on Plaintiffs'
pleadings, that the failure to protect the Plaintiffs from Greene, and worse, to provide Greene with
over ten years of unsupervised access to his victims, allowing him to repeatedly prey on minor
CSA students, was a breach of the Defendants duties owed to those students, and would result in
serious emotional distress.  On its face, Plaintiffs' pleadings are adequate to put Defendants on
notice of the nature of their complaint, and clearly a set of facts as alleged exist to establish each
of Plaintiffs claims with sufficiency.

IV.     **CONCLUSION**

Since at least 2002, Defendants have known that its teacher was sexually harassing and
abusing students, and for years, Defendants did nothing. Only this year were Plaintiffs able to
begin discerning the Defendants role in causing their abuse. Thus, all of Plaintiffs claims are
timely, and Defendants have failed to demonstrate otherwise. Further, Plaintiffs have sufficiently
plead to facts that survive any immunity defense, and Plaintiffs claims are sufficiently stated. This
Court, therefore, should deny Defendant's Motion to Dismiss.

Respectfully Submitted,

*/s/ Kyle B. Melling*
**RYAN H. FISHER (0043799)**
**KYLE B. MELLING (0091208)**
Lowe Eklund Wakefield Co., L.P.A.
1660 West Second Street
610 Skylight Office Tower
Cleveland, OH 44113-1454
(216) 781-2600
(216) 781-2610 *Facsimile*
RFisher@lewlaw.com
KMelling@lewlaw.com

## <u>CERTIFICATE OF COMPLIANCE WITH L.R. 71.</u>

This case has not been assigned a track, and this Memorandum adheres to the page limitations set forth in L.R. 7.1(f). Pursuant to 28 U.S.C. §1746, I certified under penalty of perjury that the foregoing is true and correct.

Executed on December 30, 2020.

*/s/ Kyle B. Melling*
**KYLE B. MELLING (0091208)**
Lowe Eklund Wakefield Co., L.P.A.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of December, 2020, the Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, to the following:

Colin R. Jennings (0068704)
Colin.jennings@squirepb.com
Marisa T. Darden (0098583)
Marisa.darden@squirepd.com
Emily R. Spivack (0090777)
Emily.spivack@squirepd.com
*Counsel for Defendants*

*/s/ Kyle B. Melling*
**KYLE B. MELLING (0091208)**
Lowe Eklund Wakefield Co., L.P.A.
