| | | |
|---|---|---|
| **JOHN DOE 1** *et al.*, | ) | **Case No. 1:20-cv-01695** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Judge: J. Philip Calabrese** |
| **v.** | ) | |
| | ) | |
| **THE CLEVELAND METROPOLITAN** | ) | **REPLY IN SUPPORT OF** |
| **SCHOOL DISTRICT BOARD OF** | ) | **DEFENDANTS CLEVELAND** |
| **EDUCATION** *et al.*, | ) | **METROPOLITAN SCHOOL** |
| | ) | **DISTRICT BOARD OF EDUCATION,** |
| **Defendants.** | ) | **BARBARA E. WALTON, ANDREW J.** |
| | ) | **KOONCE, KENDRA E. HOLLOWAY,** |
| | ) | **AND JEFFREY S. MAZO'S MOTION** |
| | ) | **TO DISMISS PLAINTIFFS' SECOND** |
| | ) | **AMENDED COMPLAINT** |
| | ) | |

Defendants Cleveland Municipal School District Board of Education ("CMSD" or the "District"), Dr. Barbara Walton-Poon, Andrew Koonce, Kendra Holloway, and Jeffrey Mazo (the "Individual Defendants") (collectively with CMSD, "CMSD Defendants") respectfully submit this reply in support of their Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC").

Plaintiffs' Brief in Opposition ("Response") confirms that their claims against CMSD Defendants should be dismissed in their entirety based on (1) the applicable statute of limitations, (2) CMSD Defendants' statutory immunity, and (3) Plaintiffs' failure to state any claim for relief.

*First*, Plaintiffs necessarily concede that their Title IX claims against CMSD must be dismissed under the applicable two-year statute of limitations because they did not file their Complaint on time after turning 18. In a futile attempt to save their Title IX claims, Plaintiffs assert

that the statute of limitations should be expanded to 12 years, but they tellingly fail to cite a single Sixth Circuit or Ohio federal opinion supporting their cobbled-together argument.

Plaintiffs additionally concede that they failed to plead facts to toll the statute of limitations. In another strained attempt to avoid dismissal of their Title IX claims, Plaintiffs argue that their claims are timely because of the federal accrual rule, but Plaintiffs are wrong. The SAC is clear that each Plaintiff's Title IX claims accrued when he was still in high school, meaning the statute of limitations began to run upon each Plaintiff's 18th birthday.

Contrary to Plaintiffs' suggestion, courts routinely dismiss claims under Rule 12(b)(6) when "the allegations in the complaint affirmatively show that [a] claim is time-barred." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, . . . show that relief is barred by the applicable statute of limitations . . . ."). Plaintiffs' Title IX claims (Counts I and II) against CMSD are time-barred and should be dismissed with prejudice.

*Second*, Plaintiffs' state law claims should be dismissed because CMSD Defendants are immune as a matter of law. As a preliminary matter, Plaintiffs do not address (much less contest) that CMSD is immune from liability on Plaintiffs' state law claim for hiring, supervision, and retention. They thus concede the claim, and on this basis alone, Count VI against CMSD should be dismissed with prejudice.

Plaintiffs' Response also confirms their failure to allege facts to overcome the Individual Defendants' immunity from liability on Plaintiffs' claims for negligent, wanton, and reckless conduct (Count III); intentional infliction of emotional distress (Count V); and hiring, supervision, and retention (Count VI). Plaintiffs' argument to avoid dismissal is limited to a single narrow exception to immunity for "wanton" and "reckless" conduct, but the SAC contains no *facts* to

overcome this appropriately high standard under Ohio law as it concerns individuals. Plaintiffs simply fall back on the conclusory allegations in their SAC while ignoring that such "conclusions of law dressed up as facts" are entitled to no deference whatsoever. *Erie Cty., Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Individual Defendants remain immune from liability on all of Plaintiffs' claims, and thus Counts III, V, and VI against them should be dismissed with prejudice.

*Third*, and finally, Plaintiffs have failed to state a *prima facie* claim against the Individual Defendants under Counts III, V, and VI of the SAC, and against CMSD under Count VI. Once again, Plaintiffs rely on conclusory allegations about CMSD Defendants' liability while ignoring the elements of the causes of action from which such liability purportedly flows. "Although reasonable inferences drawn from the allegations must be accepted," this Court "need not accept 'unwarranted factual inferences,'" and certainly "should not assume facts that could and should have been pled, but were not." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 522 (6th Cir. 2008) (citation omitted). For this independent reason, Counts III, V, and VI should be dismissed.

## ARGUMENT

### I.      PLAINTIFFS' TITLE IX CLAIMS ARE TIME-BARRED.

Plaintiffs' claims under Title IX are time-barred because they are subject to a two-year statute of limitations and accrued more than two years before Plaintiffs filed this action.

#### A.      A Two-Year Statute of Limitations Applies to Plaintiffs' Title IX Claims.

In a desperate attempt to sidestep governing law, Plaintiffs misconstrue controlling Sixth Circuit precedent establishing the state's personal injury statute of limitations as the limitations period applicable to Title IX claims. Plaintiffs also ask this Court to ignore its recent decision squarely rejecting their argument, and instead rely on inapposite case law from other states.

In *Lillard v. Shelby County Board of Education*, 76 F.3d 716, 729 (6th Cir. 1996), the Sixth Circuit held that the relevant statute of limitations for Title IX actions is the limitations period applicable to personal injury actions. The holding in *Lillard* has not been disturbed either by the Sixth Circuit or by the Ohio General Assembly. To distract from this fact, Plaintiffs claim that in 1996, when *Lillard* was decided, "the one-year statute for personal injury claims was the *only* possible applicable statute of limitations available to the plaintiff at the time," and that Ohio Rev. Code § 2305.111 must now control. *See* Plaintiffs' Response at 8, 12. Ohio Rev. Code § 2305.111, however, was enacted in 1984—twelve years before *Lillard* was decided—the only difference being that, at that time, the statute provided that "[a]n action for assault or battery shall be brought within one year after the cause of the action accrues." Am. Sub. S.B. No. 183, §§ 1, 3 (1984) ("[S]ection 2305.111 of the Revised Code, as enacted by this act, shall apply to all alleged assaults or batteries that occur on or after its effective date . . . ."). Notably, the 2006 amendment to Ohio Rev. Code § 2305.111 did not establish a statute of limitations; rather, it extended a statute of limitations that had already existed for decades. And the Ohio General Assembly, knowing that federal case law applied the state's personal injury statute (Ohio Rev. Code § 2305.10) to claims under Title IX, chose neither to amend Ohio Rev. Code § 2305.10 to extend the limitations period for claims under Title IX, nor to legislatively abrogate the Sixth Circuit's holding in *Lillard*. Thus, *Lillard* controls, and the two-year statute of limitations for personal injury actions—not the statute of limitations in Ohio Rev. Code § 2305.111—applies to Title IX claims.

Notably, Plaintiffs do not cite any Sixth Circuit or Ohio authority to the contrary. Instead, Plaintiffs invite this Court to apply a different district court's interpretation of a different state's laws from a different federal circuit. *See* Plaintiffs' Response at 11-12 (urging application of a Pennsylvania opinion). In doing so, Plaintiffs ask this Court to ignore its well-reasoned decision

in *Spragling v. Akron Public Schools*, No. 5:18CV1969, 2019 U.S. Dist. LEXIS 44906 (N.D. Ohio Mar. 19, 2019)—the only case in which this Court has analyzed the statute of limitations applicable to Title IX claims in Ohio following the 2006 amendment to Ohio Rev. Code § 2305.111. This Court in *Spragling* expressly rejected the same arguments that Plaintiffs now make.

*Spragling* held—well after the 2006 amendment to Ohio Rev. Code § 2305.111, and consistent with *Lillard*—that Ohio's two-year statute of limitations for personal injury actions applies to claims under Title IX. *See Spragling*, 2019 U.S. Dist. LEXIS 44906, at *6-7 (holding that "Plaintiff's Title IX and § 1983 claims are barred by the statute of limitations," because it was "undisputed that Plaintiff's claims were filed after the two-year statute of limitations"). Like Plaintiffs here, the plaintiff in *Spragling* argued "that O.R.C. § 2305.111(C) should act to extend the statute of limitations for all claims," including his federal claims under Title IX. *Id.* at *5. But this Court disagreed. It properly recognized that while "virtually all state law claims would fall under the expanded statute of limitations offered by O.R.C. 2305.111(C)," the "Sixth Circuit has . . . held that a State's personal injury statute of limitations applies to Title IX claims," and "the Ohio General Assembly did not amend O.R[.]C. § 2305.10, its personal injury statute," to abrogate that holding. *Id.* at *5-6 (citing *Lillard*, 76 F.3d at 729). This Court thus held that it "remains bound by" *Lillard* and must apply the personal injury statute of limitations to the plaintiff's Title IX claim. *Id.* at *6.[1]

---

[1] This Court's reasoning in *Spragling* is consistent with numerous federal Circuit Court decisions. *See, e.g.*, *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758-61 (5th Cir. 2015) (holding that Texas's "general or residual" personal injury statute of limitations—and not the longer limitations period applicable to "causes of action stemming from sexual assault"—applies to claims under Title IX arising from child's sexual abuse); *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212-13 (10th Cir. 2014) (consistent with what "appears to be the uniform rule of the other circuits," the "proper limitations period for Plaintiff's claim under Title IX" derives from "the same state statutes that apply to § 1983 claims"—i.e., the "statute of limitations for personal-injury claims," not the "statute of limitations restricted to child-abuse cases"); *Stanley v. Trs. of*

Both the Sixth Circuit and this Court have spoken. A two-year statute of limitations applies to Title IX claims in Ohio.

**B.  Plaintiffs' Title IX Claims Accrued Well Over Two Years Ago, and Plaintiffs Pleaded No Facts to Toll Their Statute of Limitations.**

Recognizing that their 12-year statute of limitations argument runs contrary to controlling law, Plaintiffs argue that the federal accrual rule saves their Title IX claims, but this argument is meritless. Other courts have rejected the same arguments Plaintiffs assert, and so should this Court.

"Where, as here, defendants have highlighted the apparent untimeliness of the complaint, plaintiffs may not simply rely on the bare assertion that they were unaware of the facts underlying their cause of action." *Bishop*, 520 F.3d at 520, 522 (citations omitted) (affirming the dismissal of an untimely complaint). "Under federal law the statute begins to run when plaintiffs knew or should have known of the injury which forms the basis of their claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001) (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)). "This inquiry focuses on the harm incurred, rather than the plaintiff's knowledge of the underlying facts which gave rise to the harm." *Id.* at 501 (quoting *Friedman*, 929 F.2d at 1159).

Under Title IX, the "injury" is "the deprivation of 'access to the educational opportunities or benefits provided by the school.'" *Kollaritsch v. Mich. State Univ. Bd. of Trs.*, 944 F.3d 613, 622 (6th Cir. 2019) (quoting *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 650 (1999)). Here,

---

*Cal. State Univ.*, 433 F.3d 1129, 1134 (9th Cir. 2006) ("It appears that every circuit to consider the issue has held that Title IX also borrows the relevant state's statute of limitations for personal injury. The rationale of our sister circuits is compelling, and we adopt it." (citations omitted)); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618 (8th Cir. 1995) ("The [Supreme] Court held that § 1983 claims are better characterized as personal-injury actions because it is unlikely that the limitations period for personal-injury actions 'ever was, or ever would be, fixed in a way that would discriminate against federal claims, or be inconsistent with federal law in any respect.' The same reasoning applies to Title VI and Title IX claims. . . . Title IX should be subject to the same limitations period that applies to § 1983 and Title VI." (citation omitted)).

the injuries that Plaintiffs claim to have suffered are the denial of "numerous educational and artistic opportunities and benefits including but not limited to safe and unfettered access to the boys' dressing room, full use and enjoyment of the dance studio, and other rehearsal and performance venues," and being "subjected to an environment not conducive to education or training in any form." SAC ¶¶ 140-41. And specifically with respect to Plaintiff John Doe 7, the SAC claims that, shortly after "Plaintiff John Doe 7 was sexually assaulted by Defendant Terence Greene[,] . . . Plaintiff John Doe 7 quit CSA Men's Ensemble." SAC ¶ 69. Thus, taking their own allegations as true, Plaintiffs' respective alleged injuries under Title IX occurred, and their claims thus accrued, while they were still students at the Cleveland School of the Arts ("CSA").

To avoid dismissal, Plaintiffs argue (without support) that their claims did not accrue until after John Doe 4 posted his allegations about Greene on Facebook in June 2020, but Plaintiffs are wrong. In *King-White v. Humble Independent School District*, 803 F.3d 754 (5th Cir. 2015), the Fifth Circuit rejected the very arguments that Plaintiffs now make. The plaintiffs in that case argued that, for accrual purposes under Title IX, a student's "injury" did not occur at the time her high school dance instructor sexually abused her; "instead," they argued, "the relevant injury should be viewed as HISD's [Humble Independent School District's] and the School Officials' ratification of and deliberate indifference to the abuse." 803 F.3d at 762. The plaintiffs thus argued that their claims "could not have accrued until they became aware of certain facts about the School Officials' conduct and HISD's policies during the pendency of [the dance instructor]'s criminal case." *Id.*

The Fifth Circuit disagreed, and affirmed the dismissal of the plaintiffs' claims under Title IX and § 1983 as time-barred. *Id.* at 762-63, 765. The Fifth Circuit recognized that "[a] plaintiff need not know that she has a legal cause of action for her claim to accrue; she need know

only the facts that would ultimately support a claim." *Id*. at 762 (alteration in original) (citation and internal quotation marks omitted). "Awareness," for accrual purposes, "does *not* mean actual knowledge; rather, all that must be shown is the existence of circumstances [that] would lead a reasonable person to investigate further." *Id.* (alteration in original) (citation and internal quotation marks omitted).

Applying those principles to the case before it, the Fifth Circuit concluded that "the circumstances alleged in Plaintiffs' complaint would undoubtedly have prompted a reasonable person to investigate HISD's and the School Officials' conduct further." *Id.* The Fifth Circuit noted that the victim "was sadly quite aware of the abuse she suffered, and she was also aware that her abuser was her teacher." *Id.* Thus, the plaintiffs' allegations demonstrated that they were "sufficiently aware of the facts that would ultimately support their claims by the time [the alleged victim] turned 18 . . . ." *Id.* at 762-63. Significantly, the Fifth Circuit recognized while the plaintiffs "may not have known about complaints from other parents or certain alleged HISD 'policies,' a reasonable person [under the facts alleged] would have investigated further." *Id.* at 763.

Similarly here, Plaintiffs were aware of the alleged facts that ultimately would support their claims when they turned 18. Reasonable persons in Plaintiffs' position would have investigated further, even if Plaintiffs did not know about other alleged victims before the Facebook posts in 2020. Plaintiffs' Title IX claims accrued well over two years ago, and thus they are time-barred as a matter of law.

There are no other tolling principles that could apply to save Plaintiffs' claims. As CMSD Defendants correctly pointed out in their motion to dismiss, "Plaintiffs . . . pleaded no facts that toll the statute of limitations under the fraudulent-concealment doctrine ***or any other doctrine***." CMSD Defendants' Motion to Dismiss at 5 (emphasis added). Thus, the two-year statute of

limitations on each Plaintiff's Title IX claims began to run once he turned 18 years old. *See Brooks v. Skinner*, 139 F. Supp. 3d 869, 881 (S.D. Ohio 2015) (citing Ohio Rev. Code § 2305.16); Ohio Rev. Code § 3109.01.

Plaintiffs do not—and cannot—dispute that their ages ranged from 21 to 29 years old when they filed their original Complaint, SAC ¶ 29, which means they failed to bring their Title IX claims within two years—or even three years—of the youngest Plaintiff's 18th birthday. Thus, Plaintiffs' Title IX claims are time-barred and should be dismissed with prejudice.

## II.    CMSD DEFENDANTS ARE IMMUNE FROM LIABILITY ON PLAINTIFFS' STATE LAW CLAIMS.

Plaintiffs' Response also confirms that their state law claims against CMSD Defendants should be dismissed because CMSD Defendants are immune under Ohio law.

First, Plaintiffs' claim for negligent hiring, supervision, and retention (Count VI) against CMSD should be dismissed. In their Response, Plaintiffs do not dispute that CMSD is a political subdivision that enjoys broad immunity from civil liability arising from its employees' performance of governmental or proprietary functions. *See* Ohio Rev. Code §§ 2744.02(A)(1), 2744.01(F), and 2744.01(C)(2)(c). And Plaintiffs never argue or allege that any exception to CMSD's immunity applies. *See generally* Ohio Rev. Code § 2744.02(B). Thus, Count VI against CMSD should be dismissed with prejudice. *See Durham v. Niffenegger*, No. 1:18-cv-0091, 2019 U.S. Dist. LEXIS 35034, at *23-24 (S.D. Ohio Mar. 5, 2019) ("Plaintiff has not addressed the . . . claim in his memoranda in opposition to defendants' motions to dismiss. By failing to respond to defendants' arguments, plaintiff has waived his opposition to dismissal of the claim." (citing *Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008))).

Plaintiffs' state law claims against the Individual Defendants (Counts III, V, and VI) should likewise be dismissed because the Individual Defendants are statutorily immune from liability on

those claims, and Plaintiffs do not allege any facts showing that any exception to the Individual Defendants' immunity applies.

Similar to their concessions related to CMSD, Plaintiffs do not dispute that the Individual Defendants, as employees of a political subdivision during the period relevant to the SAC, are entitled to general immunity under Chapter 2744 of the Ohio Revised Code. *See* Ohio Rev. Code § 2744.03(A)(6). Plaintiffs' sole argument to avoid dismissal of their claims is based on the narrow exception to immunity under Ohio Rev. Code § 2744.03(A)(6)(b) for acts or omissions by an employee that were "wanton or reckless." This is a demanding standard under Ohio law, and Plaintiffs have failed to allege any *facts* to support their bare legal conclusion that the Individual Defendants acted in a wanton or reckless manner to justify piercing their immunity. *See Wentworth v. Vill. of Coldwater*, No. 10-14-18, 2015 Ohio App. LEXIS 1363, at *18-19 (Ohio Ct. App. Apr. 13, 2015) ("Merely alleging facts that could give rise to a negligence claim (which would be barred by immunity in any event in this instance), then asserting the legal conclusion that those facts amount to 'intentional, malicious, reckless, and/or wanton conduct' does not create a viable claim to defeat immunity under R.C. 2744.03(A)(6)(b).").

To adequately plead "bad faith, malicious, wanton, and/or reckless conduct," Plaintiffs must make "*specific allegations* of misconduct and culpability *far greater than mere negligence*," and they must allege sufficient underlying facts that relate to and support their alleged claim. *Id.* at *17-18 (emphasis added). Plaintiffs fail to do so. In their SAC, Plaintiffs improperly lump all the Individual Defendants together into a single wrongdoing monolith and do not allege any specific facts showing that any of the Individual Defendants knew or had reason to know about Greene's alleged misconduct. To the contrary, Plaintiffs expressly allege that they did not tell any administrators at CSA or any other authorities about their own sexual activity with Greene. SAC

¶ 91. Without knowledge or reason to know of Greene's alleged misconduct, the Individual Defendants could not have engaged in acts or omissions in a wanton or reckless manner. *See Anderson v. City of Massillon*, 983 N.E.2d 266, 273 (Ohio 2012) (defining wanton and reckless conduct); *Wentworth*, 2015 Ohio App. LEXIS 1363, at *17-19 (holding that plaintiffs failed to plead facts establishing that police officer's conduct was wanton or reckless, and thus the officer was immune from liability arising from an automobile accident caused by an intoxicated driver 15 minutes after the police officer pulled over the intoxicated driver and let him off without conducting a field sobriety test or otherwise confirming the driver's blood alcohol content, even though plaintiffs alleged that an alcoholic odor emanated from the driver's vehicle, the passengers had admittedly been drinking, the driver was driving fast and erratically, it was 2:37 a.m. Saturday night, the driver had a previous alcohol-related driving offense, and the driver was admittedly traveling from a local bar).[2]

While Plaintiffs may paint an emotional story of sexual assault in their SAC, the Ohio "Supreme Court has warned that a determination of recklessness . . . is to be conducted without using 20-20 hindsight and without emotional consideration." *Smathers v. Glass*, No. 19 CA 00018, 2020 Ohio App. LEXIS 2193, at *18-19 (Ohio Ct. App. June 8, 2020) (citing *O'Toole v. Denihan*, 889 N.E.2d 505, 517 (Ohio 2008) ("Although [child]'s death was tragic, that tragedy does not mean that the burden for showing recklessness is any different in this case.")). Viewing the SAC

---

[2] Plaintiffs state, in their Response, that the Individual Defendants knew of Greene's alleged misconduct because Greene had taken a leave of absence "specifically because of his criminal trial," and because the Individual Defendants were "aware of the allegations against Greene" and "in fact expressed support at the criminal trial for Greene and against the victim." Plaintiffs' Response at 18-19. The SAC does not, however, allege any reason why Greene stopped instructing at CSA during his criminal trial, any basis upon which the Individual Defendants purportedly knew of the allegations against Greene, or that the Individual Defendants supported Greene in any way during his criminal trial. Therefore, those purported facts are not properly before this Court.

objectively, Plaintiffs have failed to allege facts that would justify piercing the Individual Defendants' immunity under the demanding standard set forth in Ohio Rev. Code § 2744.03(A)(6)(b). Accordingly, Counts III, V, and VI should be dismissed with prejudice as to the Individual Defendants.

## III.    COUNTS III, V, AND VI FAIL TO STATE A CLAIM FOR RELIEF.

Plaintiffs' claim against the Individual Defendants for negligence (Count III) and claim against all CMSD Defendants for negligent hiring, supervision, and retention (Count VI) should be dismissed for failure to state a claim. Despite Plaintiffs' conclusory assertions, the SAC does not allege any facts suggesting that CMSD Defendants had constructive, much less actual, knowledge of Greene's alleged misconduct or his alleged incompetence. SAC ¶¶ 154, 174.

Again, by their own admission, Plaintiffs did not disclose their own sexual activity with Greene to CMSD or any of the Individual Defendants. SAC at ¶ 91. Plaintiffs kept it secret, and there are no facts alleged that would have given rise to a legal duty for CMSD Defendants to take action. Thus, as a matter of law, Count III against the Individual Defendants and Count VI against all CMSD Defendants should be dismissed. *See V&M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465-66 (6th Cir. 2012) (claim for negligence requires "the existence of a duty"); *Hout v. City of Mansfield*, 550 F. Supp. 2d 701, 745 (N.D. Ohio 2008) (claim for negligent hiring, supervision, and retention requires employer's "knowledge of [employee's] incompetence").[3]

It follows that Plaintiffs' claim against the Individual Defendants for intentional infliction of emotional distress (Count V) should also be dismissed. By failing to allege facts of the Individual Defendants' knowledge of Greene's purported misconduct, Plaintiffs cannot show that each Individual Defendant intended to cause, or knew or should have known that his or her actions

---

[3] This assumes without conceding, for purposes of this Reply, that Greene was CMSD's employee.

would result in, serious emotional distress. *See Morrow v. Reminger & Reminger Co.*, 915 N.E.2d 696, 712-13 (Ohio Ct. App. 2009) (stating elements of intentional infliction of emotional distress).

## <u>CONCLUSION</u>

For the reasons set forth herein, and in their opening brief, CMSD Defendants respectfully request that the Court grant their Motion to Dismiss the SAC in its entirety and with prejudice as to CMSD Defendants.

Dated: January 13, 2021

Respectfully submitted,

/s/ *Colin R. Jennings*

Colin R. Jennings (0068704)
colin.jennings@squirepb.com
Marisa T. Darden (0098583)
marisa.darden@squirepb.com
Emily R. Spivack (0090777)
emily.spivack@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Telephone: +1 216 479 8500
Facsimile: +1 216 479 8780

*Counsel for Defendants*
*Cleveland Municipal School District Board of*
*Education, Dr. Barbara E. Walton-Poon,*
*Andrew J. Koonce, Kendra E. Holloway, and*
*Jeffrey S. Mazo*

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1

This case has been assigned to the Standard Track, and this Memorandum adheres to the page limitations set forth in L.R. 7.1(f). Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Executed on January 13, 2021.

/s/ *Colin R. Jennings*
One of the Attorneys for CMSD Defendants

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 13, 2021, a copy of the foregoing *Reply in Support of CMSD Defendants' Motion to Dismiss* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ *Colin R. Jennings*
One of the Attorneys for CMSD Defendants
